NATHAN B. SCHREIER, Appellant, *v.* CHARLES P. CUMMINGS and Others, Defendants, Impleaded with KINDERHOOK KNITTED CAP COMPANY, Respondent.

Third Department, May 5, 1937.

*Forrest S. Chilton,* for the appellant.

*Cogan & Cogan* [*John H. Cogan* of counsel], for the respondent.

BLISS, J. The complaint alleges that the defendant Kinderhook Knitted Cap Company is a foreign corporation organized and existing under and by virtue of the laws of the State of Massachusetts. This defendant moved upon the complaint and the affidavit of one Charles P. Cummings for an order dismissing the complaint

as to it on the ground that it had been duly dissolved pursuant to law. This motion was granted by the order appealed from. The affidavit of Charles P. Cummings shows that he is a resident of the State of Massachusetts and that prior to March 30, 1934, he was the president of the defendant Kinderhook Knitted Cap Company which was a foreign corporation organized and existing under and by virtue of the laws of the State of Massachusetts and having a place for the transaction of its business located at Kinderhook, N. Y. The affidavit then states that by chapter 187 of the Laws of 1934 of the State of Massachusetts the Kinderhook Knitted Cap Company was dissolved and that it ceased to exist on March 31, 1934. It also quotes section 2 of this statute which states in substance that the statute shall not be construed to affect any suit then pending by or against any corporation mentioned therein or any suit then pending or thereafter brought for any liability then existing against the stockholders or officers of any such corporation. The statute became effective on March 31, 1934.

An examination of this statute itself shows that the dissolution of the corporations therein named is specifically made subject to the provisions of sections 51, 52 and 56 of chapter 155 of the General Laws of the Commonwealth of Massachusetts.

Section 51 of chapter 155 of the General Laws of Massachusetts is referred to by the appellant in the answering affidavit of his attorney. It provides that a corporation whose charter is annulled by forfeiture or otherwise or whose corporate existence is terminated, shall nevertheless be continued as a body corporate for three years for the purpose of prosecuting and defending suits by or against it and to enable it gradually to settle and close its affairs, with the further provision that the corporate existence of such corporation for the purpose of suits brought by or against it within said period of three years shall continue beyond that period for a further period of sixty days after the final judgment in the suit.

If we assume the propriety of the motion in advance of answer and that the factual situation as to the law of Massachusetts has been properly established by the affidavits of Cummings and the appellant's attorney, which questions have not been raised either before us or in the court below, there still remains for our determination the construction of those statutes, and that is a question of law. (*Osgood Co.* v. *Wilkinson*, 265 N. Y. 70.) It is clear that section 51 of chapter 155 of the General Laws applies to corporations dissolved under chapter 187 of the Laws of 1934 and that the corporate life of the defendant Kinderhook Knitted Cap Company was extended for the period of three years from March 31, 1934,

for the purposes therein set forth. This section applies to the respondent and the present action is within such purposes. That this extension applies to suits begun during the three-year period as well as to those pending at the time of dissolution, is clearly shown by the further extension of sixty days beyond final judgment as to any suit brought by or against the corporation within said period of three years. We find no judicial determination by the courts of Massachusetts of the particular legal question here involved. Perhaps the clarity of the statutory provisions furnishes the reason why the question has not been previously raised.

The parties here differ as to the effect of section 2 of chapter 187 of the Laws of 1934. This section has no application to the present action. It is merely another limitation upon the dissolution of respondent and does not touch this action brought directly against the corporation. It does not affect the operation of section 51 of chapter 155 of the General Laws.

The order appealed from should be reversed, with ten dollars costs, and the motion denied, with ten dollars costs.

HILL, P. J., RHODES, CRAPSER and HEFFERNAN, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements to the appellant to abide the event, and motion denied, with ten dollars costs.