*Northern District*

## No. 8416

## ROBERT DeLUCA
### v.
## MEDFORD OPERATING CORP.

Argued: Feb. 26, 1976. Decided: Aug. 16, 1976

Case tried to *Flynn, Jr.,* in the First District Court of Eastern Middlesex. No.: 3890 of 1967 (Remand)

Present: Cowdrey, P.J., Bacigalupo, Forte, J.J.

Counsel for plaintiff: Milton Schwartz, of Boston, Ma.

**Cowdrey, J.** In this action the plaintiff seeks to recover damages from the defendant corporation for injuries sustained from the intake of unwholesome food.

The sole issued raised by the defendant's requests for rulings, which were denied, is the correctness of the trial court's allowance of the defendant's motion to dismiss based upon G.L. cc. 155, §51[1] and G.L.

---

[1] "Every corporation whose charter expires by its own limitation or is annulled by forfeiture or otherwise, or whose corporate existence for other purposes is terminated in any other manner, shall nevertheless be continued as a body corporate for three years after the time when it would have been so dissolved for the purpose of prosecuting and defending suits by or against it and of enabling it gradually to settle and close its affairs, to dispose of and convey its property and to divide its capital stock, but not for the purpose of continuing the business for which it was established; provided, that the corporate existence of such a corporation, for the purposes of any suit brought by or against it within said period of three years, shall continue beyond said period for a further period of sixty days after final judgment in the suit."

[2] "Every corporation whose corporate existence for other purposes is terminated (1) by dissolution under the provisions of section ninety-nine, one hundred, or one hundred and one, (2) by the expiration of the period for its duration limited by its articles of organization, or (3) in any other manner, shall nevertheless be continued as a body corporate for three years after the time when its existence terminated, for the purpose of prosecuting and defending suits by or against it and of enabling it gradually to settle and close its affairs, to dispose of and convey its property and to make distribution to its stockholders of any assets remaining after the payment of its debts and obligations, but not for the

cc. 156B, §102,[2] which sections pertain to the duration of time for which a corporate entity is subject to liability beyond the date of its legal dissolution. There was no error.

The writ was dated Jan. 9, 1967, the defendant corporation was dissolved on Feb. 3, 1971 and the motion to dismiss was filed on March 21, 1975.

The statutes provide for corporate existence to continue for a period of three years after dissolution for the limited purpose of prosecuting and defending litigation.

Since this suit was commenced prior to dissolution, the proviso at the end of each section providing for a continuation of corporate existence for a further period where suit is commenced within the three year period, is inapplicable to the present case.

The issue presented here was squarely resolved by the Massachusetts Appeals Court in *Alexander v. Casco Music Systems Inc.*, Mass. App. Ct. Adv. Sh. (1975) 341.

In that case the writ was dated May 31, 1967, the corporation was dissolved on May 12, 1971 and the court held that the suit was rightfully dismissed on May 24, 1974 stating "It is clear that upon the expiration of the three-year period, subject to the exception set forth in the proviso at the end of each of those statutes (inapplicable to actions, such as this one, commenced prior to dissolution), the defendant ceased to exist even for that limited purpose."

Although the plaintiff argues strongly contrawise, and cites a New York case, *Schreier v. Kinderhook Knitted Cap Co.*, 295 NYS 940 (1937) interpreting

purpose of continuing the business for which it was established; provided, that the corporate existence of such a corporation, for the purposes of any suit brought by or against it within said period of three years, shall continue beyond said period for a further period of sixty days after the final judgment in the suit."

the instant statutes, we are bound to follow *Alexander* and conclude that the suit was properly dismissed since the corporation had ceased to exist at the time of the motion, more than three years having elapsed since its dissolution. **Report dismissed.**