EDWIN A. SHEPHERD, et al., *vs.* P. A. DAVIS.

Penobscot. Opinion September 19, 1915.

*Attestation.    Attesting Witness.    Holmes Note.    R. S., Chap. 83,*
*Sect. 89.    Statute of Limitations.*

1. An action of assumpsit upon a Holmes note. The defense is the Statute of Limitations, and the note is within the statutes, unless saved by the attestation. It was attested by one of the payees.
2. The phrase "signed in the presence of an attesting witness" in R. S., Chap. 83, should be construed to mean that the attesting witness must be some one other than the parties to the note.

On exceptions by plaintiff. Exceptions overruled.

This is an action of assumpsit on a Holmes note. The defense was the statute of limitations. The case was heard by the court with the right of exception. The note was attested by one of the parties to the transaction. The Justice before whom the case was heard ruled that the attesting witness must be some one other than the party to the note. The plaintiff excepted to the ruling.

The case is stated in the opinion.

*Percy A. Hasty,* for plaintiffs.

*Freeman D. Dearth,* for defendant.

SITTING: SPEAR. CORNISH, BIRD, HALEY, HANSON, JJ.

SPEAR, J.   The presiding Justice who heard and rendered judgment in this action with the right of exception states the case and finding as follows:

"This case was heard by the court, with the right of exception. The action is assumpsit upon a Holmes note.   The defense is the statute of limitations.   The note is within the statute, unless saved by the attestation.   It was attested by one of the payees.

I think the phrase 'signed in the presence of an attesting witness' in R. S., ch. 83, should be construed to mean that the attesting witness must be some one other than the parties to the note.   Accordingly I rule that the payee of a note cannot be an attesting witness, within the meaning of the statute.   Judgment for defendant."

The case comes up on exceptions to this ruling.   The plaintiffs' counsel frankly admits that "a careful examination of the authorities fails to disclose any case directly in point" sustaining his contention, but refers to *Shepherd* v. *Parker,* 97 Maine, 86, as a case affording a possible analogy.   But in that case the wife who witnessed the note was a third party and a witness to the transaction between the maker and payee of the note.   In the case before us E. A. Shepherd, the witness, was not a third party but a party to the transaction and therefore a witness to his own act.   The statute reads: 'The foregoing limitations do not apply to actions on promissory notes signed in the presence of an attesting witness."   This language clearly implies that the witness must be some person other than the party to the note.

*Exceptions overruled.*