## Fry Brothers v. Theobold.

(Decided October 21, 1924.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Fourth Division).

1. Sales—Conditional Sales Not Recognized.—Conditional sales are not recognized, and are construed as passing title to purchaser with lien in favor of seller.

2. Sales—Lien of Conditional Seller Yields to Claim of Purchasers and Creditors Without Actual Notice.—Liens of conditional sellers of chattels are not favored and they yield to claims of purchasers and creditors without notice, in view of Ky. Stats., section 496.

3. Contracts—Validity of Contract Determined by Laws of State in which Made—Remedies Determined by Laws of State in which Suit is Brought.—Validity of contract is to be determined by laws of state in which made and remedies to be enforced are those provided by state in which suit is brought.

4. Sales—State in which Chattel is Situated or to which it is to be Taken Determines Effect of Conditional Sale Contract.—If at time of conditional sale chattel sold is not in state in which sale is made, laws of state in which it is situated will determine effect of contract, and, if sale is made with intention of both parties that property shall immediately be removed to and have its operation in another state, laws of latter control.

5. Sales—Failure to Record Conditional Sale as Required by Statute Fatal to Seller's Remedy Against Innocent Purchaser.—If recordation of conditional sale is required in state in which contract is made, failure to record is fatal to seller's remedy against innocent purchaser or creditor elsewhere.

6. Sales—Conditional Seller May Recover Property, where Purchaser Removes it to Another State.—Where valid conditional sale is made at situs of property and purchaser, without knowledge or consent of seller, removes it into state in which such sales are not recognized, seller may generally recover possession.

7. Sales—Conditional Seller Estopped from Asserting Title, where Conditional Sale Out of State is Not Recorded Within State as Required by Statute.—Where, by statute, conditional sales made out of state are required to be recorded within state, in order to be effective against subsequent purchasers and creditors, original vendor, who has not complied with that regulation, is estopped from asserting title.

8. Sales—State May Define Terms on which Conditional Sales Made in Other State will be Upheld.—State may by positive enactment define terms on which conditional sales made in other states will be upheld, or forbid their enforcement at all, and if those laws are violated, courts will not overturn them as matter of courtesy to another state having different laws.

9. Sales—Property Conditionally Sold in Another State May be Recovered by Seller in State Without Recording.—One selling Automobile conditionally in another state was not estopped to recover it from an innocent purchaser, within state, because sale contract was not recorded, under Ky. Stats., section 496, as such statute imposes no duty on him to record it.

10. Sales—Conditional Seller in Another State May Recover Property Within State from Innocent Purchaser.—Conditional Seller of automobile in another state under whose laws title remains in seller and from which it was removed, contrary to agreement without seller's knowledge, may recover it from innocent purchaser in state, though possession of chattel raises prima facie presumption of title.

11. Sales—Giving Effect to Conditional Sale in Another State Not Contrary to Settled Public Policy of State.—Giving effect to conditional sale contract made in another state is not contrary to settled public policy of Commonwealth.

HUMPHREY, CRAWFORD & MIDDLETON for appellants.

DAVIES, PAGE. & DOWNING for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Appeal granted and reversed.

This is a suit to recover possession of a Ford automobile, under an order of claim and delivery. A demurrer was sustained to the petition and plaintiff declining to plead further, his action was dismissed, and he is seeking an appeal in this court.

It is substantially alleged in the petition that on February 1, 1921, the plaintiff, a corporation, made a conditional sale of the machine in question to one Weir, for the sum of $500.00. $50.00 in cash and execution of nine promissory notes of $50.00 each, payable monthly, each of which contained a provision retaining title in plaintiff, and authorizing it in case of default to take possession of the machine without legal process. The contract was made at Columbia, Tenn., both parties and the machine being present at the time, and the contract provided that the property was not to be removed from that state. It is also pleaded that the validity of such contracts is recognized by statute and upheld by the courts of that state, it being a felony for the purchaser to remove such property from the state before full payment.

The courts of this state do not recognize conditional sales, and have uniformly construed contracts of that character as passing title to the purchaser, with a lien in favor of the seller for the unpaid consideration, which may be enforced between the parties. Welch v. National Cash Register Co., 103 Ky. 30; Johnson v. Parker, 67 Ky. 149; L. & N. R. R. Co. v. Burkhardt, 154 Ky. 92. Such liens, however, are not favored in this jurisdiction, it being considered against public policy to carry secret liens, and they will yield to the claims of purchasers and creditors without actual notice. Aultman, &c. v. Mead, 121 Ky. 241; Wender B. G. C. Co. v. Louisville Property Co., 137 Ky. 339; Singer Sewing Machine Co. v. Dyer, 156 Ky. 156; Wicks Bros. v. McConnell, 102 Ky. 435; Mont. Rheim Music Co. v. Beuris, 160 Ky. 557. This principle has been crystalized in section 496 Ky. Statutes, which reads:

> "No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record. . . . "

Thus taking the allegations of the petition as true, there is a conflict in the laws of the two states, and a determination of the case turns upon which law should be applied in the enforcement of the contract.

Proceeding upon the lines of judicial comity, the authorities are uniform in holding that the validity of

the contract is to be determined by the laws of the state in which it is made, and that the remedies to be enforced are those provided by the state in which the suit is brought.

Ordinarily, if at the time of a conditional sale the chattel sold is not in the state in which the sale is made, the laws of the state in which it is situated will determine the effect of the contract. 24 R. C. L. — Sales — section 749.

The same rule applies to conditional sales of property present at the time of sale, if it is made with the intention of both parties, that the property shall immediately be removed to and have its operation in another state, in which event the laws of the latter control. Ibid 750; Barney & Smith Mfg. Co. v. Hart, 8 K. L. R. 223; Greer v. Church & Co., 13 Bush 431; Boyer v. Knowlton Co., 38 L. R. A. (N. S.) 224; case note 64 L. R. A. 833. Naturally, if recordation is required in the state in which the contract is made, a failure to observe this would be fatal to the seller's remedy against an innocent purchaser or creditor elsewhere.

Where a valid conditional sale is made at the situs of the property, and the purchaser, without the knowledge or consent of the seller, removes it into a state in which such sales are not recognized, it is generally held that the seller may recover such property. As between the parties this rule is seldom questioned. According to the weight of authority it applies even against innocent purchasers and creditors of a conditional vendee under contracts made in the latter state. Ibid 760; Gross v. Jordan, 83 Me. 383; Harper v. People, 2 Col. App. 177; Baldwin, &c. v. Hill, 4 Kan. App. 168; Studebaker Bros. v. Mau, 14 Wyo. 68; Wharton on Conflict of Laws, section 355b. But as to this there is a conflict of authority.

In jurisdictions where by statute conditional sales made out of the state are required to be recorded within the state, in order to be effective against subsequent purchasers and creditors, the original vendor who has not complied with that regulation is held to be estopped from asserting title. Pulaski Mule Co. v. Haley & Koonce, 187 Ala. 533; Turnbull v. Cole, 70 Colo. 364; Brandon Printing Co. v. Bostick, 126 Ala. 247; North v. Goebel, 138 Ga. 739.

As to failure to comply with the law of recordation, unquestionaly a state may, by positive enactment, define the terms upon which conditional sales made in other

states will be upheld, or forbid their enforcement at all, and if those laws are violated the courts will not overturn them as a matter of courtesy to another state having different laws.

The only enactment we have is the statute quoted *supra*. If appellant's title was valid in Tennessee, in order to estop him from claiming title in this state, he must have failed to comply with that statute, and the question of estoppel must be determined from the wording of the statute. The exact question here raised has not been heretofore presented to this court, but a construction has been given in an analogous case. Cabell Piano Co. v. Lewis, 195 Ky. 666, involved a Georgia contract. While in form a conditional sale, it also retained a lien on the property. It had been regularly recorded in Georgia. The purchaser had removed the property into this state and sold it without any recordation of the instrument here. As to whether conditional sales are valid in Georgia does not appear in the opinion, which treats the contract as a recorded chattel mortgage; states that our statute does not require recordation; quotes with approval many authorities favoring the general rule, including the text in 11 C. J. 424, and case note to Moore v. Keystone Drilling Co., L. R. A. 1917D, 942, and in accordance with those authorities concludes: "That in the absence of a statute to the contrary, a duly executed and recorded chattel mortgage in another jurisdiction will operate to give constructive notice to all persons dealing with the property after its removal to this state, even though they have no actual knowledge of the existence of the mortgage." That opinion is supported by the great weight of authority and is of controlling force in construing our statute.

The statute makes no reference to conditional sales, and if it has no extra-territorial effect as to mortgages, it certainly does not apply to such sales when made out of the state. As it imposes no duty on the conditional seller in a different state, it cannot be said that he has failed in any particular and there is nothing upon which to base an estoppel.

Aside from the recording provisions, it is claimed that the laws of each state are for the protection of its own citizens and will control in determining rights growing out of contracts made in its jurisdiction. Fuller v.

Webster, 95 Atl. 335; Minor on Conflict of Laws, section 130.

The argument is that one in the possession of a chattel is presumed to have *prima facie* title; that when he sells or encumbers it, the rights arising out of the second transaction are construed and controlled according to the laws of the state in which this transaction occurs without reference to the previous transaction between the conditional vendee and his seller in another state. There is a degree of plausibility about this argument, but the trouble with the theory is that it assumes title in the second vendor. If a conditional vendee in Tennessee has no title in that state, he could not acquire title by passing over the state line into Kentucky.

True, the possession of a chattel may raise a *prima facie* presumption of title, but this is not conclusive. Certainly the purchaser of stolen property could not rely on such presumption against the owner, and in principle we can see no difference. Here the first contract was made at the situs of the property and the domicile of both parties, under an agreement that the property should remain in the state. Under the contract and the law of that state the title remained in the seller. It was afterward removed by the purchaser to this state without the knowledge or consent of the seller. Under such circumstances the status of the title should be construed in the same way as it would be in the case of a sale of stolen property.

It is also insisted that to give effect to a conditional sale even under the circumstances herein set out would be contrary to the settled public policy of this state as enunciated in the opinions cited *supra,* and for that reason the relief sought by appellant should be denied.

Clark v. Tanner, 100 Ky. 275, is cited in support of this position. In that case a stipulation in the contract for the recovery of an attorney's fee in the event of suit, was disallowed on the ground of public policy, although the provision was valid in Tennessee where the contract was made, but that opinion does not seem to have been followed in the later cases.

In Union Central Life Insurance Co. v. Spinks, 119 Ky. 261, a stipulation in a life insurance policy limiting the period in which suit might be brought to one year after the death of the insured was held "to be against the public policy of this state and therefore void."

Later in Cleary v. Union Central Life Insurance Co., 143 Ky. 540, the same question was raised in defense of a similar policy. It appeared, however, that the policy was issued in Ohio and the contract was to be performed in Wisconsin, and under the law of both of those states the limitation was valid. The insured died in Kentucky and the same insistence was made in that case as in this one. The court quoted the above language from the Spinks case but refused to apply it, and without referring to the Tanner case held that as the limitation was valid in Wisconsin it was enforcable in this state, citing many authorities.

The Cleary case is the latest enunciation of the court and it seems the sounder of the two. An examination of the cases will disclose that the words "public policy" have been used rather promiscuously and it can hardly be thought that every time we differ from the courts of our sister states in the construction and effect of contracts that our opinions are based on a "public policy" that will deny effect to extra-territorial contracts valid where made. If so there is no such thing as judicial comity.

Without defining the words "public policy" and admitting that in proper cases such policy might be given the force claimed, we do not think the use of those words in this character of case as applied to Kentucky contracts authorizes us to deny the effect of similar foreign contracts if valid where made.

Wherefore, the appeal is granted, the judgment is reversed and the cause remanded for proceedings consistent with this opinion.