## Tennessee Auto Corporation v. American National Bank, et al.

(Decided November 14, 1924.)

### Appeal from Warren Circuit Court.

Sales—Tennessee Purchaser of Automobile, Under Conditional Sales Agreement, Cannot Acquire Title by Wrongful Transportation into Kentucky.—Tennessee purchaser of automobile, under conditional sales agreement, such that vendor retained title, cannot invest himself with title by wrongfully transporting it into Kentucky, nor is it, when so transported, subject to attachment or execution for debts of purchaser.

DENHART & HUNTSMAN for appellant.

G. D. MILLIKEN and GAINES & GARDNER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Three judgments in three separate actions are before us upon this appeal.

In August, 1922, the American National Bank instituted an action against A. L. Corbett and one Jameison on a note for $200.00 and recovered judgment, there being no defense. As an incident to the action the bank sued out a general order of attachment against the property of Corbett and Jameison. This attachment was levied upon one Oldsmobile car, the property of Corbett. The attachment was sustained and the car adjudged to be sold to satisfy the judgment. In October of the same year the Tennessee Auto Corporation, appellant here, instituted an action in the Warren circuit court against A. L. Corbett and L. A. Corbett to recover on three notes

of $420.00 each, made April 4, 1922, subject to a credit of $350.00, and sued out a specific order of attachment against the Oldsmobile car mentioned, it being averred the Tennessee Auto Corporation had, by conditional sale, transferred the automobile to the Corbetts in Nashville, Tennessee, at a time when the Corbetts were residents of that city, and the automobile was then in a garage of appellant corporation there. After judgment for the amount of the notes in favor of the Tennessee Auto Corporation had been entered, and an order sustaining the specific attachment against the automobile had been made, the American National Bank made a motion to have this cause consolidated with the cause of American National Bank v. Corbett, and this motion was sustained and the two actions consolidated. Thereafter the automobile was sold by agreement of the parties and the funds paid into court. In the meantime Ed. Thomas, sheriff of Warren county, interpleaded in the consolidated actions above mentioned, claiming a right to the money realized from the sale of the automobile to satisfy certain executions levied by the sheriff upon the automobile before the levy of the attachments, and asserting a prior and superior lien upon the automobile and the funds arising from its sale to satisfy the execution so levied. Upon hearing the court adjudged Thomas, as sheriff, should have the first lien on the funds to secure the executions in his hands, amounting to $149.40 and cost; and second, that the American National Bank have the first subsequent lien upon the funds to satisfy its judgment and that this lien shall be prior and superior to the judgment of the Tennessee Auto Corporation. This more than consumed all the funds arising from the sale of the automobile. From this judgment the Tennessee Auto Corporation appeals, insisting that the judgment should be reversed and the auto corporation be adjudged a prior and superior lien upon the funds for the reason that it is and was the owner of the automobile, the sale to the Corbetts being only conditional, the title remaining in the auto company.

In its petition the Tennessee Auto Corporation pleaded the law of the state of Tennessee governing conditional sales and introduced proof to show that such sales were upheld in that state even though unrecorded. It also proved by satisfactory evidence that it was by the laws of Tennessee the real title holder of the automobile, and that the Corbetts only had possession of the

automobile under a conditional sale; that the Corbetts carried the automobile out of the state of Tennessee into Kentucky without the knowledge or consent of the corporation and its officers, and further that it was against the statutory laws of the state of Tennessee for one having property in possessing under a conditional sale to transport it from that state.

In the recent case of Frye Brothers v. Theobold, 205 Ky. 146, we held that an automobile in possession under a conditional sale in the state of Tennessee, wrongfully carried into the state of Kentucky and sold, remained the property of the original Tennessee vendor in whom the title continued.  There we said: ''Where a valid conditional sale is made at the situs of the property, and the purchaser, without the knowledge or consent of the seller, removes it into a state in which such sales are not recognized, it is generally held that the seller may recover such property.  As between the parties this rule is seldom questioned.  According to the weight of authority it applies even against innocent purchasers.''

The facts in this case bring it clearly within the rule laid down in the Frye Brothers opinion, and we must hold, as we did there, that the title to the automobile continued in the Tennessee vendor to the conditional sale and did not pass to or vest in the Corbetts.  The Corbetts having no title in Tennessee could not invest themselves with title by wrongfully transporting the car from the state of Tennessee into Kentucky.  Without title to the car they could not vest title in another in Kentucky.  The attachment lien of the American National Bank on the automobile was without effect because it was not the property of Corbett and never had been, according to the laws of the state of Tennessee, by which the contract must be construed.  Neither was the automobile subject to the execution levied upon it by the sheriff for debts owing by Corbett.  The Tennessee Auto Corporation being the title holder of the property had a right to take possession of it and to subject it to the satisfaction of its debt against Corbett, the purchaser under the conditional sale.  The opinion in the case of Frye Brothers v. Theobold, *supra,* clearly supports every contention of the Tennessee Auto Corporation.  That being the latest utterance of this court upon the subject we are obliged to reverse the judgment of the lower court in this case, with directions to set aside the judgment and to enter in lieu thereof one in favor of the Tennessee Auto Corpora-

tion, holding its rights prior and superior to both the American National Bank and Sheriff Thomas.

Judgment reversed for proceedings consistent herewith.

Judgment reversed.