### Shelton's Garage v. Walston, et al.

(Decided January 26, 1926.)

Appeal from Hickman Circuit Court.

Sales—Reserved Title to Trucks Sold in Tennessee Held Not Defeated by Removal to Kentucky.—Where trucks were sold in Tennessee, seller retaining title, removal by buyer into Kentucky did not make them subject to attachment by buyer's creditors.

J. D. VIA and W. L. OWEN for appellant.

JOHN R. EVANS and BENNETT, ROBBINS & ROBBINS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, Shelton's Garage, located and doing business at Covington, Tennessee, sold to E. E. Vanhorn, of Brighton, Tennessee, in 1923, two Ford trucks equipped with special bodies to be used in the milk business, Vanhorn making a small cash payment and executing his installment notes for the balance of the purchase price of

each of the trucks. The notes, except for the amounts and due dates, read as follows:

"Covington, Tennessee, Aug. 29, 1923.
"$44.36.

"On December 29th, 1923, after date, for value received I, we or either of us promise to pay to Shelton's garage on order, the sum of forty-four and 36/100 dollars. Payable at the First State Bank, Covington, Tennessee.

"Balance on Ford automobile, motor No. 8180266."

The note also contains a clause by which the makers and indorsers guaranteed payment of all cost of collection, including a reasonable attorney fee, and severally waived presentment of payment and notice of nonpayment, protest, etc., and this clause: "Shelton's garage retains title to above Ford one-ton truck and continental body No. 752 until this note is paid." It then recites that the note was executed in settlement of account due, for which repairs and improvements said Shelton's garage has a lien upon said vehicle under sections 3592a-5, 3592a-6 and 3592a-7 of Shannon's Thompson's Code of Tennessee, 1917 edition. The note further shows that it is one of a series of ten executed for this particular truck and contains a precipitating clause. The notes for the other truck are of like character and terms.

After using the trucks in his milk business in Tennessee for some time Vanhorn moved them into Clinton, Kentucky, and there continued to conduct a milk business with the trucks. Having become involved financially, several creditors, including the appellees, sued him in the courts of Kentucky and as an incident to their several actions obtained a general order of attachment in each case against the property of Vanhorn and caused attachments to be levied upon the trucks and other property in the possession of Vanhorn. In each of the actions Shelton's garage interpleaded, setting up the unpaid notes given for the trucks and averring that the right of the garage under the notes is prior and superior to the attachment liens secured by the creditors of Vanhorn in Kentucky. The actions were consolidated and heard together, the Hickman circuit court holding the attachment liens of the Kentucky creditors prior and superior to the liens held and claimed by appellant,

Shelton's garage. The state of Tennessee has a statute reading as follows:

> "It shall be unlawful for any person to remove beyond the limits of the state of Tennessee any personal property, the title to which has been retained at the time of the sale thereof, unless the consent of the seller of such article be obtained in writing prior to the time that such removal of such article is made beyond the limits of the state of Tennessee."

For the purpose of this case it is admitted that under and by the law of the state of Tennessee in force at the time of the making of the notes in question, a lien retained by a conditional vendor, although unrecorded, is prior to any rights that may be obtained by an innocent purchaser for value, or an attaching creditor of the conditional vendee. Bradshaw v. Thomas, 7 Yerg. (Tenn.) 497. In the case of Fry Bros. v. Theobold, reported in 205 Ky. 146, where the facts were very similar to the ones now before us, we in substance held that a conditional seller of an automobile in another state under whose laws title remained in the seller, and from which state it was removed to Kentucky, contrary to agreement of the parties and without the seller's knowledge, may recover the automobile from an innocent purchaser in this state though possession of a chattel raises a *prima facie* presumption of title. And in the case of Tennessee Auto Corporation v. American National Bank, 205 Ky. 541, it was expressly held that a Tennessee purchaser of an automobile, under conditional sale agreement, retaining title in the vendor, cannot invest himself with absolute title by wrongfully transporting the car into Kentucky, nor is such car, when so transported, subject to attachment or execution for debts of the purchaser, because it is not the property of such debtor. These cases seem to be decisive of the question presented here, which is simply whether the *lex loci contractus* or the *lex fori* governs. The contract by which Vanhorn took possession of the trucks in Tennessee was made in Tennessee and was to be performed in the state of Tennessee. He was not to remove the property from that state until fully paid for, but in violation of that agreement brought the trucks into Kentucky without the knowledge or consent of the vendor, appellant, Shelton's garage. While the trucks remained in Tennessee, according to the law of that state, the Shelton garage was the owner of the

trucks. The creditors of Vanhorn could not take the trucks, then the property of the Shelton garage, in satisfaction of the debts of Vanhorn. Certainly that would be legal where the law regards the condiitonal vendor as the holder of the title. Bringing the trucks across the state line into Kentucky did not vest Vanhorn with title to the trucks, nor in any wise increase his interest therein. The title to the trucks continued in the Shelton garage. That being true the creditors of Vanhorn could not subject them to his debts. The attachments, therefore, sued out by appellee and levied upon the trucks as the property of Vanhorn did not in any way affect the title of the Shelton garage or subject the trucks to the payment of the debts of Vanhorn to his attaching creditors. Clearly the trial court erred in holding the attachment liens prior and superior to the right of the vendor, Shelton's garage; but its attention perhaps was not called to the opinion in the cases of Fry Bros. v. Theobold and Tennessee Auto Corporation v. American National Bank, *supra.* Judgment reversed for proceedings consistent with this opinion.