**UNITED CONST. CO. v. MILAM et al.**
**In re DIAMOND BLOCK ASPHALT**
**CORPORATION.**

**No. 8749.**

Circuit Court of Appeals, Sixth Circuit.

Jan. 10, 1942.

Harold V. Snyder, of Chicago, Ill. (Harold V. Snyder, of Chicago, Ill., and J. Donald Dinning and Allen, Dinning & Clarke, all of Louisville, Ky., on the brief), for appellant.

Thomas S. Dawson, of Louisville, Ky. (Woodward, Dawson & Hobson, of Louisville, Ky., on the brief), for appellees.

Before SIMONS, HAMILTON, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

On April 9, 1937, the United Construction Company, appellant herein, sold five barges to the Diamond Rock Asphalt Corporation. The barges were located in Illinois on the banks of the Mississippi, and the contract of sale, described as a conditional sales agreement, recited that it was executed in Illinois, and provided that it was to be construed according to the laws of that state. Thereafter, the barges were removed to Kentucky, and while there, the buyer became an involuntary bankrupt on July 2, 1937, under the provisions of former Section 77B of the Bankruptcy Act, 11 U. S.C.A. § 207. Immediately upon the filing of the petition, there was appointed a receiver, who took possession of the barges.

On July 9, 1937, notice of cancellation and forfeiture, based on default in payment, was served by appellant upon the buyer, and a demand was made upon the receiver for the release of the barges to the seller. The notice and demand were ignored. Temporary trustees were appointed by the court on July 24, 1937, and later made permanent on August 18, 1937. Prior to the appointment of permanent trustees, the seller filed a petition for reclamation of the barges in the District Court and, upon answer filed by the trustees, the court dismissed the petition on the ground that the contract was void as against subsequent creditors for failure to record it in Kentucky in accordance with the laws of that state.

By agreement, the barges were sold and the proceeds, amounting to $3,500, were substituted in lieu thereof. The contract price was $9,500, of which $1,500 had been paid, leaving a balance of $8,000, plus interest, due and unpaid the seller according to the contract.

It is claimed by appellant that, inasmuch as the conditional sales agreement was not required by the law of Illinois to be recorded in that state in order to retain paramount title in the vendor, the court was in error in holding that the contract was void against creditors for failure to record it in Kentucky; and that, in addition, the instrument in question was not required to be filed in Kentucky to preserve title in the vendor.

In conflicts of laws between state jurisdictions, federal courts apply the local law of the forum. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S. Ct. 1020, 85 L.Ed. 1477. Kentucky recognizes a foreign conditional sales contract as between the parties. Removal of the property from Illinois does not, in itself, divest the security of the vendor. Furthermore, the vendor is protected against creditors or purchasers for value without notice, if the removal was made without his knowledge or consent. Tennessee Auto Corp. v. American National Bank, 205 Ky. 541, 266 S.W. 54. But the law of Kentucky is applied where the contract contemplates the removal of the property or the vendor consents or acquiesces thereto. See Fry Bros. v. Theobold, 205 Ky. 146, 265 S.W. 498; Johnson v. Sauerman Bros., Inc., 243 Ky. 587, 49 S.W.2d 331; and it must be considered that knowledge of removal without diligence to comply with the local law of record, is equivalent to consent. See Beale on Conflicts of Laws, Sec. 275.2.

When the barges were delivered to the purchaser, there was no express agreement as to where they were to be operated,

and the seller had no actual knowledge of the exact places where they were to be used. On April 9, 1937, the seller wrote the buyer for information as to what ports the barges would operate from. On April 15th, the seller received a copy of a letter from the insurance underwriters, addressed to the purchaser, requesting that information be given as soon as the purchaser knew the date of the arrival of the barges at Brownsville, Kentucky; and on April 20th, the underwriters again wrote the purchaser, inquiring whether the barges had arrived at Brownsville, and forwarded a copy of the letter to the seller. On May 3rd, the purchaser informed the seller that the barges had arrived at Bowling Green, Kentucky, which is located on the Barren River. Thereafter, on June 14, 1937, the seller wrote the purchaser with regard to marine insurance and advised that the policies restricted the operation of the barges to the Green and Barren Rivers, at the same time mentioning that the seller understood that the purchaser also intended to navigate the barges on the Ohio River. On June 18, 1937, the purchaser advised the seller that it was improbable that the barges would be operated on the Ohio River to any great extent.

From the foregoing, we are constrained to hold that the seller acquiesced in the removal of the barges to Kentucky, and that its rights are subject to the laws of that state.

■ We come to the question whether the contract was required to be filed in Kentucky in order to protect the title of the seller as against trustees in bankruptcy. Where a contract of sale contains a provision for retaking and selling the goods, and holding the purchaser for the balance, the contract is construed as a mortgage; and, when not recorded, it is void as to subsequent creditors. See Munz v. National Bond & Investment Co., 243 Ky. 293, 47 S.W.2d 1055. In this case it is conceded that there was a subsequent creditor.

■ It is contended that the proofs indicate that the buyer was insolvent at the date of the sale and that, therefore, the contract is voidable for fraud; and that appellant had a right to rescind. Since the contract was executed and the property delivered in Illinois, this proposition is to be determined in accordance with the law of that state. As in other jurisdictions, the Illinois law is to the effect that sales are voidable for fraud, where the buyer had no

present intention of paying for the goods at the time of the purchase. Farwell v. Hanchett, 120 Ill. 573, 11 N.E 875. But insolvency alone, in such case, does not prove fraud. See Kitson v. Farwell, 132 Ill. 327, 23 N.E. 1024. Appellant did not attempt to prove the Illinois law on this question; and, in any event, there was no showing, other than insolvency, that the sale was fraudulent.

■ It is contended that, since a conditional sale reserves title in the vendor, and that, here, the vendor demanded possession after the filing of the bankruptcy petition, but before the appointment of trustees, the interim receiver held the property only as a bailee and, since the property was not within the custody of the court, the trustees had no lien or title. However, such title relates back to the date of the filing of the petition. Bailey v. Baker Ice Machine Co., 239 U.S. 268, 36 S.Ct. 50, 60 L.Ed. 275; Fairbanks Steam Shovel Co. v. Wills, 240 U.S. 642, 36 S.Ct. 466, 60 L.Ed. 841. Other claims made with respect to the validity of the trustees' rights are not meritorious.

The order of the District Court is affirmed.