## Eline et al. v. Commercial Credit Corporation.

March 26, 1948.

Wilbur Fields for appellants.

C. E. Schindler and Edwin Abraham for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellee, Commercial Credit Corporation, brought this action against appellants, A. J. Eline, Sr., and A. J. Eline, Jr., doing business as Eline Chevrolet Company, to recover the value of an automobile alleged to have been converted by appellants.

On July 3, 1944, James Lee Ward, a resident of Indiana, purchased from Robert W. Baskett, Inc., an automobile dealer in Evansville, Indiana, the automobile involved herein. As part of the purchase price Ward executed and delivered to Baskett his installment note in the sum of $610.08, secured by his conditional sales contract. Prior to the consummation of the sale Baskett submitted to the Commercial Credit Corporation the matter of sale to Ward and secured an agreement of Commercial Credit that it would purchase Ward's note and contract if the deal was consummated. The purchase and delivery of the automobile between Baskett and Ward was consummated. The note and conditional sales contract were duly sold, assigned and transferred by Baskett to the Commercial Credit Corporation. As per the requirements of the Indiana law, Baskett delivered to Ward a certificate of title properly endorsed and assigned showing the unpaid lien to Commercial Credit Corporation, which was in the face amount as shown on the note.

Without knowledge or consent of the Commercial Credit Corporation, Ward removed the automobile to Jefferson County, Kentucky, where on or about August 14, 1944, he undertook to and did obtain Kentucky license for the car. He filed with the Clerk of the Jefferson County Court his Indiana certificate of title, and after making proper affidavit as required, the Clerk then issued to Ward a Kentucky license covering the automobile and issued to Ward, as required by Kentucky law, a license receipt in which it was recited that the automobile was last registered at Evansville, Indiana.

On or about September 12, 1944, Ward sold and delivered the automobile to the appellants, who later disposed of the automobile. The lien debt not having been paid, this action was instituted. At the trial only one witness was introduced for plaintiff, none by the defendant. The court peremptorily instructed for plaintiff. Defendant prosecutes this appeal.

Appellants take the position that the sale of the car outside of the State of Indiana, wherein the conditional sales contract was executed, constitutes a theft. It is stipulated that Ward was convicted of stealing and giv-

en a suspended sentence. Appellants insist that since this was a theft, limitation of 1 year as provided in KRS 413.140 had run and the action could not be maintained.

It will be readily noted that under the conditional sales contract the title remained in the vendor while possession was placed with the vendee. In no way can it be construed that one who has right to possession can steal the thing that he possesses. It could be nothing more nor less than a conversion by Ward and the 5 year statute applies in cases of conversion of personal property. See Patton, Ex'r., et al. v. Coldiron, Ex'r, et al., 213 Ky. 709, 281 S. W. 812.

Appellants next contend that due to the fact that Commercial Credit Corporation instituted prior suit by bringing action on the note against the appellants and Ward, and having elected so to do, it is now barred from instituting this action to recover the value of the car. True, appellee originally filed an action to recover on the note and contract but before the case was submitted the action was dismissed without prejudice and no final adjudication was made. Civil Code of Practice, Section 371 provides: ''Any cause of action, may be dismissed without prejudice to a future action—by the plaintiff, before the final submission of the case to the jury.''

Such dismissal without prejudice on the part of appellee in the former action leaves it just as if no action had been instituted. See Magill v. Mercantile Trust Co., etc., 81 Ky. 129.

Appellants next insist that the court erroneously allowed interest from the date of purchase by appellants. They say appellee is entitled to interest only from the date of demand made on appellants for the value of the car, and that since no demand was made prior to the date of the filing of the petition, which was on June 19, 1946, interest should start from that date instead of the date of the purchase by appellants. Since appellants had use of appellee's property, or its value, from the date of conversion it should be required to pay interest for its use from that date. The court properly ruled in that matter.

Appellants contend there was no proof of value as

of the date of demand, which was the date of the filing of the petition. Appellants are obviously wrong in this contention. The stipulation fixed the market value of the car at $600 as of the date of the purchase of the car by appellants. Appellee is entitled to recover the reasonable value of the car at the time it was taken. See Enterprise Foundry & Machine Works v. Miner's Elkhorn Coal Company, et al., 241 Ky. 779, 45 S. W. 2d 470.

Since the contract and situs of the transfer occurred in Indiana it is agreed that the Indiana law must govern as to the construction and validity of the contract, while the Kentucky law governs the enforcement of the remedy.

Appellants take the position that a conditional sales contract operates actually and only as between the seller and purchaser. They insist that the instrument in the form of a conditional sales contract sold, assigned and transferred to appellee finance company to secure the note endorsed to the appellee without recourse, was nothing more nor less than a chattel mortgage under Indiana law.

Following this reasoning they insist then that since it was not a conditional sales contract and was a mortgage it was necessary that it be recorded to be effective against purchasers without actual notice. Appellant is not supported in this contention either by reason or in the manner in which the transaction was consummated. It was stipulated: "That on July 3, 1944, at Evansville, Indiana, Ward purchased the Ford automobile from Baskett, and as part of the purchase price, executed and delivered to Robert W. Baskett, Inc., his note and conditional sale contract; that thereafter, the note and conditional sale Agreement were indorsed by Baskett and assigned and transferred to Commercial Credit Corporation; * * *''

Thus it will be seen that it was a conditional sales contract with title remaining in Baskett, and possession with Ward. Baskett's interest was sold, assigned, and transferred to the Commercial Credit Corporation. It follows that if Baskett had retained title and afterwards sold and transferred same to Commercial Credit, then, Commercial Credit had whatever interest and title Baskett had. There is presented, then, the question as to

whether or not the conditional sales contract was valid under Indiana law, and whether or not the dealer complied with the certificate of title law of Indiana. Both by statute and decision conditional sales contracts are upheld in Indiana and do not have to be acknowledged and recorded in order to be valid. See Burns Indiana Statutes, Section 58-801 and following; Sears v. Shrout, 24 Ind. App. 313, 56 N. E. 728; Lanman v. McGregor, 94 Ind. 301; Abels v. National Bond, 105 Ind. App. 434, 13 N. E. 2d 903; and Phend v. Midwest Engineering & Equipment Co., 93 Ind. App. 165, 177 N. E. 879. We hold, therefore, that the conditional sales agreement was valid and enforcible under the laws of Indiana.

The next question then naturally arising is whether the appellants were purchasers without notice either actual or constructive of the lien of the Commercial Credit Corporation, and whether or not Ward could give good title to the automobile transported to Kentucky and sold as herein stated. Pursuant to the certificate of title law in Indiana, Ward received a certificate of title, on the back of which was statement of the lien held by the Commercial Credit Corporation. This certificate of title was filed in the Jefferson County Clerk's office before a Kentucky license was issued. The Kentucky registration receipt on its face showed that the car was last licensed in the State of Indiana. This receipt, pursuant to KRS 186.190(4) provides in substance that no person shall buy or trade for automobile without receiving the clerk's receipt for registration fee for the current year. If the law was followed this registration receipt was endorsed to Eline. It is hardly believable that a person dealing in cars would be so careless as to purchase a car without making some effort to investigate as to the ownership of the car. If Ward had no title to the car, certainly Eline could not have title. See Fry Bros. v. Theobold, 205 Ky. 146, 265 S. W. 498; Tennessee Auto Corporation v. American National Bank, 205 Ky. 541, 266 S. W. 54; American Loan Co. v. See, 298 Ky. 180, 182 S. W. 2d 644; and Johnson, Sheriff, et al. v. Sauerman Brothers, Inc., 243 Ky. 587, 49 S. W. 2d 331. Consequently, we hold that Eline was not a purchaser without notice.

Here Ward purchased this automobile and executed to Baskett Motors his note and conditional sales con-

tract for the unpaid purchase price. This note and contract were sold, assigned and transferred to the appellee. This conditional sales contract, being legal and valid under Indiana law, is enforcible here. The requirements of the Indiana law were complied with relative to the certificate of title given Ward by Baskett. This certificate of title showed the lien claimed by Commercial Credit Corporation. Upon removal of the automobile to Kentucky, where without the knowledge or consent of appellee, the certificate of title showing the claim of Commercial Credit Corporation was filed in the Jefferson County Clerk's office, upon which the Kentucky registration certificate was issued showing the car last registered in Indiana. We cannot conclude otherwise than that appellants failed to protect their rights before purchasing the car. The Commercial Credit Corporation performed every legal duty required of it. Obviously the appellants were negligent.

Wherefore, the judgment is affirmed.