## Denkins Motor Co. v. Humphreys et al.

May 20, 1949.

Joe Lancaster for appellant.

Wells Overbey for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

This suit was brought by appellants, residents of Tennessee, to obtain delivery of a used automobile sold to appellee, a resident of Kentucky, by one Humphreys who had purchased it from appellants under a conditional sales contract. The evidence was heard without the intervention of a jury; the trial Court determined the law of Kentucky was controlling; and appellants' petition was dismissed. On this appeal, they contend this judgment was contrary to the law and the facts.

On April 15, 1947 appellants, used car dealers, sold the automobile in question to Humphreys at Paris, Tennessee. A down payment was made, and Humphreys executed a conditional sales contract which provided that title to the property should remain in appellants until completion of the installment payments agreed upon. The contract also stipulated the purchaser should not remove the property from the premises set out in the contract as "Puryear, Tennessee." Appellants issued Humphreys an "As-Is-Used Car Certificate" which stated that the automobile was sold without warranty. In both the conditional sales contract and this certificate, the purchaser's address was written as "301 N. 5th Street, Murray, Kentucky."

Three months later Humphreys sold this automobile to appellee, Charlie Marr, in Murray, Kentucky. At that time the former had defaulted in his installment payments. The automobile was originally licensed in Tennessee, but later Humphreys had caused it to be licensed in Kentucky, and at the time of purchase by appellee it bore Kentucky plates. How this Kentucky registration was procured by Humphreys does not appear in the record. He had no bill of sale from appellants.

Appellee defended the suit on the ground that he was a good faith purchaser for value. It is appellants' contention the terms of the conditional sales contract made in Tennessee must be recognized; under this contract title never passed to Humphreys; and as a consequence, he could not pass title to appellee regardless of the latter's innocent status.

The contract was not recorded in either Tennessee or Kentucky. Tennessee does not require the recording of this type of contract, and under the law of that state, a good faith purchaser for value cannot acquire title to property which is the subject thereof. In Kentucky such an agreement, construed as a chattel mortgage, must be recorded to protect the seller's rights against innocent third parties. See Munz v. National Bond & Investment Company, 243 Ky. 293, 47 S. W. 2d 1055.

It is, however, the well established rule in Kentucky, the forum in this case, that a conditional sales contract, wherein the seller retains title, if valid and enforced according to its terms in the state where executed, will be recognized and given effect in this state. Fry Brothers v. Theobold, 205 Ky. 146, 265 S. W. 498; Shelton's Garage v. Walston, et al., 212 Ky. 602, 279 S. W. 959; Eline et al. v. Commercial Credit Corporation, 307 Ky. 77, 209 S. W. 2d 846. It was pointed out in the Fry Brothers case cited above that if a conditional vendee in another state acquires no title to the property in that jurisdiction, he cannot create title in himself by merely passing over the state line into Kentucky. Since the conditional sales contract in the present case was executed in Tennessee, we must recognize its validity and legal effect in the light of Tennessee law, unless there

are other operative facts which remove it from the application of the general principle.

An exception to the rule above set out, within which appellee attempts to bring himself, was applied in Johnson, Sheriff, et al. v. Sauerman Brothers, Incorporated, 243 Ky. 587, 49 S. W. 2d 331. Therein it was held that where the parties entering into a conditional sales contract contemplate that the property will be removed to and used in another state, the seller impliedly consents to such removal and use, and the recording laws of the other state, if any, will control. There it appeared that certain dredging machinery had been purchased under a conditional sales contract in Illinois, where such contracts were not required to be recorded, and delivered just below the Kentucky line in Tennessee. It was the intention of both seller and buyer that the machinery would be used in Kentucky, it being constructed for that purpose. We held the Kentucky law applied, and the contract must be recorded in this state to preclude the rights of creditors.

A sound basis for the above principle is found:

"in the recognized canon of substantive law that when one sends his personal property away from his own jurisdiction, he impliedly consents by so doing that the rules and regulations governing its transfer, as they exist in the latter jurisdiction, shall be enforced, although they may differ from the laws of his own state."

Jones on Chattel Mortgages and Conditional Sales, Vol. 3, Section 1160. See also Section 1160, page 244.

The only possible ground upon which appellants in this case could be deemed to have had knowledge that Humphreys intended to remove and use the car in this state was the fact that he gave Murray, Kentucky, as his address. The evidence shows Humphreys represented to appellants he lived in Puryear, Tennessee, which is approximately four miles south of the Kentucky line and about fifteen miles south of Murray. He advised them that he worked as an extra driver for a bus company in Murray, and that he wanted his installment notices sent to the Murray address, his mother's residence, for his convenience. In view of these representations and the proximity of Puryear and Murray, it does

not appear appellants anticipated or intended that the situs of the vehicle would be in Kentucky. The terms of the conditional sales contract to the effect that Humphreys should not remove it from Puryear, Tennessee, is a specifically expressed provision to the contrary.

We thus in this case have a Tennessee contract, executed in that state, regarding property situated therein, which provided that such property should remain there. The evidence fails to show that appellants actually or impliedly consented to its removal from that jurisdiction. There are no other facts in the case of sufficient significance to estop appellants from relying upon Humphrey's representations and the express terms of the contract. Under the recognized rule first stated above, the Tennessee contract must be given full force and effect to the end that appellee could acquire no title from Humphreys, it having remained in appellants. Therefore, regardless of appellee's good faith and the fact that he paid value, he obtained no greater rights than his vendor, and, as between appellants and appellee, the former must prevail. The trial Court's decision was contrary to the law and the evidence.

The judgment is reversed for proceedings consistent with this opinion.

Judge Thomas and Judge Latimer dissent.