### Evansville Morris Plan, Inc. v. Howard.

February 16, 1951.

Sidney B. Neal, Judge.

John F. Wood for appellant.

J. H. Thomas for appellee.

STANLEY, COMMISSIONER—Reversing.

The question is priority of liens on a truck. The suit was instituted by the appellant for an order of delivery of the truck from the appellee, John Howard, who operates a garage in Livermore and who had obtained its possession under a claim of a garageman's lien. The possession, however, was not obtained by any legal process. The bank asserted it was the owner of the truck. The jury found for the defendant under an instruction so to find if the jury believed that the bank had consented and acquiesced in the truck being brought into Kentucky from Indiana by Ernest M. Whobrey, the purchaser under a conditional sale contract. The court thereupon adjudged Howard to have a lien superior to the conditional sales lien or title of the bank to the extent of its claim, $81.96, and ordered the truck sold to satisfy it. KRS 376.270 et seq.

In July, 1948, Whobrey had bought the truck in Evansville, Indiana, under a conditional sales contract securing the payment of a balance of $444.00. A few days later that instrument was assigned to the appellant. It appears the Indiana law in respect to such transactions was complied with. After using the truck in Indiana for two or three weeks, Whobrey brought it to Livermore, Kentucky, where it was used principally by his father in general hauling until seized by Howard. The

charges for gasoline and work on the truck were made against Lawrence Whobrey, the father, because he had told Howard it was his truck. He had taken out a city license for its operation in his name.

We recognize that a conditional sale contract made in Indiana, in which the vendor keeps title to an automobile until the installment payments have been made in full, is valid and enforceable and that an assignee or transferee has all the rights of the original vendor. Eline v. Commercial Credit Corp., 307 Ky. 77, 209 S. W. 2d 846. At least to the extent that such a contract is the equivalent of a chattel mortgage, it is superior to a Kentucky garageman's statutory lien. C. I. T. Corp. v. Studebaker Sales of Kentucky, 251 Ky. 349, 65 S. W. 2d 84; Denkins Motor Co. v. Humphreys, 310 Ky. 344, 220 S. W. 2d 847. But if it was contemplated by the parties that the machine would be taken into and used in Kentucky and the instrument is not recorded here, the rights of an innocent Kentucky lienor cannot be prejudiced and to that extent his rights are superior. American Loan Co. v. See, 298 Ky. 180, 182 S. W. 2d 644; Denkins Motor Co. v. Humphreys, supra. There is no claim in the present case of any such contemplation or understanding. The instruction to the jury was given upon the theory that if the holder of title under the conditional sale contract or chattel mortgage had consented to or acquiesced in the removal of the car to Kentucky, it was estopped from claiming priority. In American Loan Co. v. See, supra, we observed that it had never been definitely decided by this court that mere consent of a foreign mortgagee to the removal of a chattel to this state affects the rule of superiority of his lien over Kentucky statutory lien. It was not necessary there to determine the question, it being found that there was no evidence of such consent. The conclusion, therefore, was that the Ohio mortgage was on the same footing as a recorded Kentucky mortgage. In that respect, that is the present case. See also Tennessee Auto Corp. v. American National Bank, 205 Ky. 541, 266 S. W. 54; United Construction Co. v. Milam, 6 Cir., 124 F. 2d 670.

In November, 1948, after Howard had taken the truck into his possession to be held until the account of Lawrence Whobrey was paid, Ernest Whobrey went to

Evansville and informed Gorman, the bank's credit manager, that he could not continue his installment payments because Howard had tied up the truck. Thereupon, Gorman talked with Howard on the telephone and insisted that he had tied up the wrong car as Ernest Whobrey did not owe him anything. According to Howard, Gorman said, "We know the boy is using the truck, but he don't owe you." However, Gorman did not say how long he had known the truck was in Kentucky. Both Gorman and Ernest Whobrey testify that until his visit to Evansville, the bank had no knowledge whatever that the truck was in Kentucky. Howard's version of the conversation is not inconsistent. It does not prove the admission of consent or even of previous knowledge. We are of opinion, therefore, the evidence did not authorize a submission of the case to the jury on the issue of consent or acquiescence. The court should have directed a verdict for the plaintiff, Evansville Morris Plan Bank. The evidence was not sufficient to show the Bank sustained any damages because of the seizure and retention of the truck by Howard, or any damages claimed by Howard.

The judgment is accordingly reversed.