Llla SPENCER, et al., Appellants,

v.

GENERAL MOTORS ACCEPTANCE
CORPORATION, Appellee.

Court of Appeals of Kentucky.

Nov. 11, 1955.

As Modified on Denial of Rehearing
Feb. 24, 1956.

George J. Kaufman, Jr., Newport, for appellants.

Steer, Strauss & Adair, Cincinnati, Ohio, for appellee.

MOREMEN, Judge.

This is an appeal from a judgment of the Campbell Circuit Court which awarded the appellee, General Motors Acceptance Corporation, the sum of $2,507.69, which represented the value of an automobile adjudged to be the property of appellee and wrongfully withheld from its possession by appellants, Lila Spencer and Clinton Spencer.

On January 16, 1953, Clarence F. Shepler, a resident of Kenton County, journeyed to Dayton, Ohio, and purchased a new 1953 Pontiac automobile from the Pontiac dealer. Shepler, in order to secure an unpaid balance of the purchase price, executed a conditional sales contract. This contract was assigned by the Dayton dealer to appellee. General Motors Acceptance Corporation was issued an original certificate of title which bore a notation of the lien. Shepler received an Ohio memorandum certificate of title which contained the same endorse-

ment. This memorandum certificate was filed in the license registration department of the Kenton County clerk's office on July 9, 1953, and a license receipt was issued in Shepler's name.. On the same day a bill of sale was filed in the same office, purportedly signed by Shepler, which transferred title to the automobile to Em-an-Es Auto Sales Agency. Two separate conveyances followed and on July 20, 1953, appellants became owners of the automobile..

The conditional sales contract became in default on August 25, 1953, and appellee brought this action to obtain possession of the automobile. Appellants posted bond and retained possession of it. Shepler intervened and claimed that he was owner and entitled to possession of the automobile.

■■ It seems to be settled law in Ohio that it is not necessary to record a conditional sales contract. The terms of the contract are rigidly construed and title does not pass until complete payment has been made. Sections 4505.03 and 4505.05 of the Ohio Revised Code; Crawford Finance Co. v. Derby, 63 Ohio App. 50, 25 N.E.2d 306. Indeed, under Ohio law, no provision for recordation is made and no one can become a good faith purchaser, as against the true owner, of the subject of the contract. This is quite different from the law in Kentucky where, as pointed out in Denkins Motor Co. v. Humphreys, 310 Ky. 344, 220 S.W.2d 847, a conditional sales contract is considered to be in the nature of a chattel mortgage and must be recorded, as such, in order to protect the vendor against the claim of an innocent third party who may later purchase it.

The circuit court held that Ohio law controlled and it was not necessary to record a conditional sales contract in Kentucky; that the filing of the memorandum certificate of title in the license department of the Kenton County clerk's office offered notice to everyone, including the appellants, of the lien attached to the automobile and that Shepler's signature was a forgery (this was developed by the proof, not the pleading) and, therefore, appellants, who were claiming through him, received no title.

Appellants argue that the law of Kentucky, which requires the recordation of a conditional sales contract in the same manner as a chattel mortgage is recorded, is controlling here and since they were bona fide purchasers, they are entitled to the automobile. They further argue that in view of the fact the claim of Shepler, that his signature was forged, was not pleaded, the court erroneously admitted evidence over their objection and based its decision partially on that ground.

The problem of the proper application of law to cases where a conditional sales contract is executed in a state which does not require a public recordation and is sought to be enforced in this state where conditional sales contracts do require recordation has been before this court on several occasions.

In Johnson v. Sauerman Bros., Inc., 243 Ky. 587, 49 S.W.2d 331, it was held that where parties entering into a conditional sales contract contemplated that the property would be removed and used in another state, the seller impliedly consented to such removal and use and the recording laws of the other state control. There it was held that where certain machinery was purchased in Illinois where such contracts were not required to be recorded and where it was the intention of both buyer and seller that the machinery would be used in Kentucky, the Kentucky law applied and the contract must therefore be recorded.

In Denkins Motor Co. v. Humphreys, 310 Ky. 344, 220 S.W.2d 847, a full discussion of the principle involved here was had and it was pointed out that under the circumstances of the case—where the contract, executed in Tennessee, contained a provision that the property would not be removed from the state—that Tennessee law applied and it was not necessary to record a conditional sale in this state after the property had been brought here.

We have quite a different situation here. The proof shows that the original negotiation for the purchase of the car was made by telephone from Kenton County to the Pontiac dealer in Ohio and in the memo-

randum certificate of title issued to Shepler, his residence was stated to be 20 Pike Street, Covington, Ky. But the most conclusive feature in the memorandum is the statement that the vehicle was exempt from Ohio sales and use tax because of "out of state delivery." This statement was typewritten into the printed form.

It seems plain from the proof that the parties were aware, and the dealer thereby consented, that this car would be immediately moved to Kentucky. When one sends his personal property away from his own jurisdiction, he impliedly consents by so doing that the rules and regulations governing its transfer in the latter jurisdiction should be enforced although they may differ from the laws of his own state. Jones on Chattel Mortgages and Conditional Sales, Vol. 3, § 1160. See also Restatement of the Law, Conflict of Laws, § 278.

■ The circuit court apparently based its finding upon the theory that the filing of the memorandum certificate of title in the automobile license department of the Kenton County clerk's office offered constructive notice of the lien to all subsequent purchasers. Appellee, to support the court's position, relies principally upon Eline v. Commercial Credit Corporation, 307 Ky. 77, 209 S.W.2d 846. This case in many respects is similar but is not controlling because we believe it to be distinguishable in one important fact. In the Eline case, Ward, a resident of Indiana, purchased from Basket, an automobile dealer in Evansville, Indiana, an automobile under a conditional sales contract. Basket delivered to Ward a certificate of title showing an unpaid lien. Ward, without consent of the interested parties, came to Jefferson County, Kentucky, filed with the clerk the certificate of title and was issued a license receipt in which it was recited that the automobile was last registered in Indiana. Ward then sold and delivered the automobile to Eline and in the opinion it was assumed that this registration receipt was endorsed to Eline. Consequently, it was held that this receipt, or registration certifi-

cate, which was delivered to Eline, in itself gave sufficient notice to put Eline upon inquiry as to the true condition of the title.

In the instant case, however, none of the several registration certificates issued in connection with the various conveyances before the car was bought by appellants bears the notation of the Ohio or any lien, and under the block in the form used to indicate previous licenses on the original certificate is only the word, "new." We have by examination of the various certificates found no words sufficient to put a purchaser on inquiry.

Appellants contend the issue, that the signature of Shepler to a bill of sale by him to the Em-an-Es Sales Agency (also owned by him) was a forgery, was erroneously interjected into the case because that issue was not raised by the pleading, and evidence concerning it was objected to at the trial when offered.

■ As we view the case, the question of whether Shepler's signature was forged is immaterial. The evidence shows clearly that Shepler, in purchasing the car in Ohio, was merely acting as an agent for (Spots Auto Sales, owned by) one Irwin Curry; that the money for the down payment was furnished by Curry, and the car was turned over to Curry a few minutes after it was purchased. Following the alleged forgery of Shepler's endorsement on the registration certificate, Curry (through one Shepiro) sold the car to Wallis Motors, who, in turn, sold it to the Spencers. Shepler, by his own admission, had nothing more than paper title to the car, and the beneficial ownership was in Curry. See Moore v. Wilson, 230 Ky. 49, 18 S.W.2d 873. Accordingly, the fact that Shepler's signature may have been forged is of no consequence as concerns the Spencers' real ownership of the car or their status as bona fide purchasers.

The judgment is therefore reversed with directions that a judgment be entered for appellants.