**Ann R. LANG and James G. Lang, Appellant,**

v.

**FT. THOMAS BELLEVUE BANK, Appellee.**

Court of Appeals of Kentucky.

Sept. 5, 1986.

Discretionary Review Denied by Supreme Court Oct. 13, 1986.

Edward J. Utz, Cincinnati, Ohio, for appellant.

Clement Leo Bezold, Jr., Newport, for appellee.

Before COMBS, DYCHE and MILLER, JJ.

DYCHE, Judge.

This is an appeal from a summary judgment of the Campbell Circuit Court dismissing the complaint of Ann Lang by application of the one-year statute of limitations, KRS 413.140(1)(h).

The appellant, Ann Lang, was the owner of a diamond bracelet valued at approximately twenty-three thousand dollars, ($23,000.00). Her son, James E. Lang, stole the bracelet and pledged it as collateral with the appellee, Fort Thomas Bellevue Bank, on November 30, 1981. Mrs. Lang reported the bracelet missing to the police on September 8, 1982; a police report indicates that it was known by Mrs. Lang no later than October 12, 1982, that the bank had possession of the bracelet.

Mrs. Lang, through her husband, demanded return of the bracelet from the bank on May 23, 1984 and filed an action seeking recovery of the bracelet and/or damages on May 25, 1984. The bank counterclaimed to recover the money it lost by virtue of honoring checks on Mrs. Lang's account which had been forged by her son. The trial court, in dismissing the complaint, applied KRS 413.140, which says:

"(1) The following actions shall be commenced within one (1) year after the cause of action accrued ... (h) An action for the recovery of stolen property, by the owner thereof against any person having the same in his possession ... (4) In respect to the action referred to in paragraph (h) of subsection (1) of this section, the cause of action shall be deemed to accrue at the time the property is found by its owner."

The appellant contends that the five-year statute of limitations, KRS 413.120 should apply. It reads, in part, as follows: "The following actions shall be commenced within five (5) years after the cause of action accrued: ... (6) An action for the taking, detaining or injuring personal property, including an action for specific recovery."

Appellant cites as support for that position *Amlung v. Bankers Bond Company*, Ky., 411 S.W.2d 689 (1967). In that case, the owner of shares of stock sued her ex-husband and a stock broker for recovery of the stock which had been illegally sold by the ex-husband with the negligent assistance of the broker. The Court of Appeals held that the five-year statute of limitations applied; although the property had been stolen, the defendant broker *was not in possession* of it.

The five-year statute was also applied in *Eline v. Commercial Credit Corporation*, Ky., 209 S.W.2d 846 (1948). There, the defendant *was* in possession of the property, but the property *had not been stolen.*

In the present case, the bracelet *was* stolen and the bank *was* in possession of it. Under those circumstances, the one year statute must apply. The language of the statute is plain.

Mrs. Lang further complains that she was prejudiced by the trial court's ruling on the pending motions only one day after her response was filed. We have examined the record and can find no prejudice. Accordingly, the judgment of the Campbell Circuit Court is AFFIRMED.

All concur.