EDWARD W. GROSS and another, *vs.* W. B. JORDAN.

Androscoggin.   Opinion April 10, 1891.

*Sale. Lease. Foreign Chattel Mortgage. Contract. Lex Fori. Replevin. R. S., c. 81, § 44. Mass. Genl. Stat. c. 192, § 13.*

Writing an agreement in the form of a lease does not alter the character of an instrument which by its more essential terms discloses itself to be a conditional sale of personal property.

As the statutes of Massachusetts allow the redemption of a conditional sale of personal property in the same manner that mortgages of personal property

are redeemable, that provision becomes a part of all such contracts made in that commonwealth, and is entitled to enforcement in this state when the contract is to be executed here.

As our own remedies are to be applied in litigations here, it follows that, if property thus conditionally sold in Massachusetts is attached in this State as belonging to the vendee, the vendor or his assignee, before he can maintain replevin therefor against the attaching officer, must notify the officer of his claim and the amount due upon it, as required by R. S., c. 81, § 44.

ON EXCEPTIONS.

This was an action of replevin, brought against the defendant, who is a deputy sheriff, to recover the possession of one butcher-wagon, which the defendant had attached as the property of one Greenfield T. Jordan, of Lisbon, and held on execution issued upon judgments against him. G. T. Jordan purchased the wagon of Henderson Bros., North Cambridge, Mass., April 18, 1888, according to an agreement which appears in the opinion. On June 18, 1889, Henderson Bros. executed the following assignment to the plaintiffs.

"No. Cambridge, June 18, 1889.

"We transfer all out right and title on wagon leased to G. T. Jordan of Lisbon, Maine, to Messrs. Gross & Briggs of Lewiston, Me.

Henderson Brothers."

"Witness : W. E. Henderson."

The plaintiffs were creditors of G. T. Jordan and took this assignment, paying Henderson Bros. the amount due them, with his consent, for the purpose of securing their claim. They claimed to hold the cart free from all right of redemption by Jordan or any attaching creditor.

The notice of the amount due on the wagon, as required by R. S., c. 81, § 44, was not given to the attaching officer.

*George C. Wing,* for the plaintiffs.

The contract does not fall within the provisions of R. S., c. 111, § 5. The contract is a lease and an agreement for sale in the future and R. S., c. 91, § 7, does not apply. Counsel also cited *Morris* v. *Lynde,* 73 Maine, 88.

*N. and J. A. Morrill, A. P. Moore* with them, for the defendant.

The plaintiffs' claim under the assignment of the lease was only for amount unpaid thereon, and defendant was entitled to notice of this amount in accordance with R. S., c. 81, § 44. The transaction was made in Massachusetts, and the rights and obligations of the parties are governed by the law of that State. *Stickney* v. *Jordan,* 58 Maine, 106; *Milliken* v. *Pratt,* 125 Mass. 374; *Peabody* v. *Maguire,* 79 Maine, 572. Counsel also cited: *Singer* v. *Cole,* 4 Lea. 439 (S. C. 40 Am. R. 20); *Hine* v. *Roberts,* 48 Conn. 267 (S. C. 40 Am. R. 176); *Loomis* v. *Bragg,* 50 Conn. 228 (S. C. 47 Am. R. 638); *Singer* v. *Graham,* 8 Oreg. 17 (S. C. 34 Am. R. 572); *Lathram* v. *Sumner,* 89 Ill. 233 (S. C. 31 Am. R. 79 and note); *Wyman* v. *Dorr,* 3 Maine, 183; *Ingraham* v. *Martin,* 15 Maine, 373; *Pierce* v. *Stevens,* 30 Maine, 184; *Wheeler* v. *Train,* 3 Pick. 255, 258; *Fairbank* v. *Phelps,* 22 Pick. 535, 539.

PETERS, C. J. G. T. Jordan of Auburn, in this State, purchased of persons residing in Massachusetts, where the contract was made and delivery under it took place, a butcher-wagon, according to the following agreement:—

"(Lease of Personal Property.)
"North Cambridge, April 18, 1888.
"Received of Henderson Brothers the following described property, to wit:

"One butcher wagon, red gear, Sarvin wheels.

"And I am to hold the above-described property solely as the property of said Henderson Brothers, for the use of which I promise to pay said Henderson Brothers the sum of fifteen dollars per month, and agree that all payments made by me for the use of said property shall be endorsed on this receipt, and when the sum so paid by me shall amount in the aggregate to the sum of one hundred and sixty-five dollars ($165 — cents,) with interest from date of this receipt, then said Henderson Brothers shall sell and deliver to me the property above-described, but until such payment is made by me, I neither claim, nor can I acquire any title whatever, to the property above named. I

also promise to return the above-named property to said Henderson Brothers, on demand, without costs to them.

G. T. Jordan."

This paper, which calls itself a lease, is a conditional sale of property, the title passing when the price shall have been paid. That would be the contract had it been made in this State. *Morris* v. *Lynde*, 73 Maine, 88. Its own terms are the true test of the nature of a contract, whatever its framers may denominate it.

The contract having been made in Massachusetts, it is to be interpreted according to the laws of that commonwealth. It is a general principle applicable to contracts made, rights acquired, or acts done, relative to personal property, that the law of the place of making the contract, or doing the act, is to govern the contract, and determine its meaning and validity. This principle of construction applies whether the contract is to be performed in such place, or performed generally without reference to place.

We find exceptions to this general rule, and a trackless forest of cases touching the different doctrines having relation to them, but we need not notice any of them, as the general rule governs in this case.

Now Massachusetts has by statute fixed in one respect the rights of parties in a contract like this. By her General Statutes, ch. 192, § 13, it is provided that, in conditional sales of personal property, the vendee shall have a right of redemption by paying the amount due and unpaid with interest and charges; virtually the same right of redemption as exists in this State in mortgages of personal property. When, therefore, such an agreement is made in Massachusetts, that statute is supposed to be in the minds of the parties, and becomes a part of their contract. The law infuses itself into the contract, as a part of it, with the same effect as if expressly incorporated therein. Redeemable in Massachusetts, the wagon was redeemable in Maine. When it was attached one hundred and fifty dollars had been paid towards it, leaving but fifteen dollars due.

The plaintiff became owner of the vendors' right in the

wagon, and the defendant, an officer, attached it as the property of the vendee. Had the plaintiff disclosed the amount due to him, the officer, no doubt, would have paid it and cleared the wagon from incumbrance. The officer was entitled to notice of the amount due on the quasi mortgage claim, before the plaintiff could maintain replevin against him. The statute requiring notice of the amount of a mortgage claim before maintaining a suit against an officer who has attached the property, applies to an irregular mortgage such as this. *Monaghan* v. *Longfellow*, 82 Maine, 419. As the officer received no notice of any lien on the property from the plaintiff, the action against him cannot be maintained.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.