THE OSGOOD COMPANY, Respondent, *v.* CLARA M. WILKINSON, as Administratrix, etc., of CLARENCE T. WILKINSON, Deceased, Appellant.

Fourth Department, January 17, 1934.

*Merwin, Paul, Lesswing & Hickman* [*Wortley B. Paul* of counsel], for the appellant.

*Mitchell & Staples* [*Frederick G. Mitchell* and *William P. Conley* of counsel], for the respondent.

CROSBY, J.   This case was tried and decided on stipulated facts. Plaintiff, an Ohio corporation, sold and delivered to defendant's intestate two excavating shovels.   From the admitted allegations of the complaint and from the stipulated facts we learn that plaintiff and defendant's intestate entered into two conditional sale contracts by the terms of which title to the shovels remained in the plaintiff until fully paid for.   It is stipulated that $7,470.05 of the purchase price remains unpaid, on which interest from June 10, 1932, has accrued.   The contracts were made in Ohio; the machinery was delivered F. O. B. at Marion, Ohio; payments thereon were, by the contract, to be made in Ohio, and were made in Ohio.

The statute law of the State of Ohio governing the vendor's rights under a conditional sale contract is also stipulated.   Section 8570 of the officially certified Code of Ohio (Throckmorton's Anno. Code, Baldwin's Rev. 1930) provides, in substance, that a conditional sale vendor of property, " Shall not take possession of such property, without tendering or refunding to the purchaser * * * the money * * * paid after deducting therefrom a reasonable compensation for the use of such property, which in no case shall exceed fifty per cent of the amount so paid, * * * unless such property has been broken, or actually damaged, when a reasonable compensation for such breakage or damage shall be allowed.   But the vendor shall not be required to tender or refund any part of the amount so paid unless it exceeds twenty-five per cent of the contract price of the property."

There is no allegation in the pleadings or stipulation or finding on the subject whether or no plaintiff tendered or refunded any of the purchase price before retaking the property, but, from the allegation of the complaint, it appears that more than twenty-five per cent of the purchase price of each machine had been paid before plaintiff retook them, and on the argument and in the briefs it seems to be conceded that no tender or refund was made.

The question now is whether or not plaintiff had a right to take back the property, sell the same, apply the proceeds of the sale to the purchase price, as it did, and then recover the deficiency from the defendant.

These being, in every respect, Ohio contracts, the interpretation of them is governed by the laws of Ohio.   Although, in matters of

procedure in any litigation, the law of the forum governs, the substantial rights of the parties, under these contracts, are determined under the law of the State where the contracts were made. (*Vander Horst* v. *Kittredge*, 229 App. Div. 126; *United States Mortgage & Trust Co.* v. *Ruggles*, 258 N. Y. 32.)

,It cannot be doubted that these contracts, made in Ohio, have read into them the provisions of the Ohio law that have been quoted, and if so, very substantial rights of the parties are involved, and those rights must be determined in accordance with the Ohio statute. At common law the retaking of property by the vendor is inconsistent with recovery of the purchase price, for the right to retake is based on a rescission of the contract, while the right to recover the purchase price is based on an affirmation of the contract. (*Ratchford* v. *Cayuga County Cold Storage & W. Co.*, 217 N. Y. 565.)

Under the common law of Ohio a conditional sale vendor could retake the property sold and retain all that the purchaser had paid. (*Speyer & Co.* v. *Baker*, 59 Ohio St. 194.) But under the statute of Ohio it has been uniformly held by the Ohio courts that the tender or refund provided for in section 8570, heretofore quoted from, must be made by the vendor before he could retake the goods. (*Albright* v. *Meredith*, 58 Ohio St. 194; *National Cash Register Co.* v. *Cervone*, 76 id. 12.)

In all Ohio cases called to our attention the right of the purchaser to the benefit of the tender or refund from the vendor, as provided by section 8570, has been rigidly enforced.

The case of *Matter of Bettman-Johnson Co.* (250 Fed. 657) is relied on to support the decision made by the learned trial court. That case was one in which the plaintiff gave to defendant a letter of credit to be used at a bank in Italy to enable defendant to purchase cherries to be used in defendant's business. To secure plaintiff for its extension of credit the parties entered into a so-called trust agreement stipulating that the title to the cherries was to remain in plaintiff, and the possession given to defendant to enable the latter to process and sell the cherries. It was provided that defendant should keep the cherries, whether before or after processing, segregated and in identifiable condition so that plaintiff could obtain possession of them in case payments were not made to plaintiff. The case holds in substance that this arrangement was devoid of the elements of a conditional sales contract. The defendant having gone into bankruptcy, the court was called upon to determine whether the Ohio Conditional Sales Law applied, and it held that it did not. That case does not apply to the situation we have here.

One other point remains to be considered. Respondent, having retaken the property without complying with the statutes of Ohio, contends that the Ohio Conditional Sales Law does not cover this case. But if the case is not governed by the Ohio Conditional Sales Law, the plaintiff is in no better state, for the case is then governed by the common law, under which plaintiff cannot at the same time rescind the sale and reclaim the property and also affirm the sale and recover the purchase price, as has been heretofore pointed out.

The judgment should be reversed on the law, and the complaint dismissed, with costs.

All concur.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.