THE OSGOOD COMPANY, Appellant, *v.* CLARA M. WILKINSON, as Administratrix of the Estate of CLARENCE T. WILKINSON, Deceased, Respondent.

(Argued May 28, 1934; decided July 3, 1934.)

*Frederick G. Mitchell, Ben T. Wiant* and *William P. Conley* for appellant.

*Wortley B. Paul* for respondent.

LOUGHRAN, J. Defendant's intestate bought from plaintiff two excavating shovels and equipment under contracts of conditional sale. Down payments were made to plaintiff when the apparatus was delivered. Defendant's intestate was to pay the balance of the price in installments evidenced by his promissory notes. The contracts provided that property in the goods was not to vest in the purchaser until the price was paid in full, and that " if any default or breach be made hereunder by purchaser, all sums then owing shall forthwith become due and payable  *  *  *  and you [the seller] may retake all said property  *  *  *  retain all sums theretofore paid  *  *  *  remove said property to Marion, Ohio, or elsewhere, sell or otherwise dispose of the same  *  *  *  retain the full amount owing you  *  *  *  and recover from purchaser any deficiency; all without liability to account to purchaser in any way, except as to the excess, if any, remaining."

After payment of more than twenty-five per cent of the price, defendant's intestate, the buyer, defaulted. Plaintiff, the seller, thereupon retook the goods and resold them. In this action recovery is sought of the difference between the proceeds of the resale and the balance unpaid on the contracts. The case was submitted upon stipulated facts and the sole controversy here is whether

under the law of Ohio, where the contracts were made and were to be performed, plaintiff is entitled to the relief sought.

Concededly, no statute bars a recovery by plaintiff, unless section 8570 of the Ohio General Code has that effect. That section, which pertains to conditional sales of personal property, reads in part as follows: " *Vendor may not retake possession without repaying certain part of price; exception.* When such property, except machinery equipment and supplies for railroads and contractors, for manufacturing brick, cement and tiling, and for quarrying and mining purposes, is so sold * * * the person who sold * * * shall not take possession of such property, without tendering or refunding to the purchaser * * * the money so paid after deducting therefrom a reasonable compensation for the use of such property, which in no case shall exceed fifty per cent of the amount so paid, anything in the contract to the contrary notwithstanding, and whether such condition be expressed in the contract or not, unless such property has been broken, or actually damaged, when a reasonable compensation for such breakage or damage shall be allowed. But the vendor shall not be required to tender or refund any part of the amount so paid unless it exceeds twenty-five per cent of the contract price of the property." No refund of the purchase price paid, or tender thereof, has been made by plaintiff, the seller.

The Trial Term held that section 8570 of the Ohio General Code applies only in the case of a conditional vendor who retakes the goods as his own. It found as a fact that plaintiff retook the shovels and equipment, not to keep them, but for the purpose of increasing its security and that it resold them for the account of defendant's intestate, the buyer. It also found as a fact that a deficiency judgment may be recovered at common law in Ohio by a conditional vendor after such seizure of the goods and resale for the buyer's account.

Judgment for plaintiff followed. The Appellate Division has reversed the judgment on the law and has dismissed the complaint. That court held that the statutory requirement of tender or refund was to be fulfilled irrespective the purpose of a conditional vendor's resumption of possession, and that at common law in Ohio a conditional vendor must elect either to retake the goods or to recover the unpaid price but may not have recourse to both remedies.

In the view we take of the case, it is unnecessary to consider the problem of statutory interpretation upon which the courts below have differed. The admitted text of the contracts is part of the pleadings. By both agreements defendant's intestate is styled, " C. T. Wilkinson, General Contractor, Buffalo, N. Y.," and the shovels and equipment are described as " machinery." Section 8570 of the Ohio General Code excepts from the requirement of tender or refund the case of " machinery equipment and supplies for * * * contractors." Apparently the Ohio courts have not defined the scope of that exception. The question of construction is one of law. (*Fitzpatrick* v. *International Ry. Co.*, 252 N. Y. 127, 138–140.) We think that the facts here established constitute a case within the exception made by the statute. (*Arthur* v. *Parsons Co.*, 224 Fed. Rep. 47.)

There remains the question of plaintiff's right under the common law of Ohio. Apart from statute, the general rule is that by retaking the goods a conditional vendor elects to rescind the contract and may not thereafter sue for any unsatisfied portion of the price. (2 Williston on Sales [2d ed.], § 579; *Ratchford* v. *Cayuga Co. Cold Storage & W. Co.*, 217 N. Y. 565, 569.) No Ohio case is cited which applies that rule. There are Ohio decisions which sanction the theory that a contract of conditional sale creates a lien which may be foreclosed in a suit in equity. The Ohio courts have not directly recognized the right of a conditional vendor to foreclose by retaking and resale

rather than by an equitable action. It is said *obiter* in a Federal case that both modes of foreclosure have been countenanced in Ohio. (*Matter of Bettman-Johnson Co.*, 250 Fed. Rep. 657.)

The stipulation upon which the case was submitted empowered the court to determine the law of Ohio from any authoritative source. In accordance with that license, and upon the authorities cited, the Trial Term held that plaintiff's retaking and resale of the shovels and equipment were in effect a foreclosure valid by the common law of Ohio and that plaintiff should have the deficiency judgment specifically authorized by the contracts. The findings of the Trial Term have not been reversed and are not without support in the evidence.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.