MAGOON, Respondent, vs. MOTORS ACCEPTANCE CORPORATION, Appellant.

*April 14—May 20, 1941.*

For the appellant there were briefs by *Hirschboeck & Mc-Kinnon* of Milwaukee, and oral argument by *H. C. Hirschboeck*.

*Silas L. Spengler* of Menasha, for the respondent.

WICKHEM, J.   On December 12, 1939, plaintiff, then residing at Albert Lea, Minnesota, purchased a used automobile under a conditional sales contract from a dealer in that town.   The vendor sold and assigned this contract to defendant.   Delivery of the car was made at Albert Lea.   Plaintiff failed to pay the first monthly instalment, and defendant instituted a search for the car and it was found at Appleton, Wisconsin, in plaintiff's possession.   Plaintiff had come to Wisconsin for the Christmas holidays on or about December 21, 1939.   He claims to have given notice of his intention to the dealer who sold him the car and to have had his car put in condition for winter travel by the dealer.   On January 27, 1940, representatives of defendant took the car from plaintiff.   Plaintiff claims to have offered to pay the instalment in arrears but was required to take the car to a garage in Appleton and to leave it there.   On the following day the car was removed without notice to plaintiff and taken to Minnesota.   The complaint alleges that defendant repossessed the car without complying with the statutes of Wisconsin governing conditional sales.   Damages were asked in the sum of $250 for loss of wages and expense in locating and gaining possession of the car, and $200 for loss of personal effects which were in the car when taken by defendant and not returned to plaintiff.   There is also a demand in the complaint for an item

of repairs of $25.27 and refinancing charges of $69.50, later paid by plaintiff. The principal issue on this appeal is whether the implied terms of the conditional sales contract requiring the seller to hold the car for the period of redemption upon a retaking after default are those prescribed by the Minnesota statutes or those set forth in the Wisconsin statutes. Defendant contends that the Wisconsin statutes requiring retention within the state during the redemption period of repossessed goods sold under conditional sales contracts is not an implied term of the Minnesota contract between the parties or applicable to retaking under this contract; that defendant retained the car in accordance with an applicable Minnesota statute and allowed plaintiff to redeem it; and in consequence sustained no liability of any kind to plaintiff.

Sec. 122.18, Wis. Stats. (Uniform Conditional Sales Act), provides, in substance, that unless the seller gives notice upon default of intention to retake the property as prescribed in sec. 122.17, "he shall retain the goods for ten days after the retaking *within the state in which they were located when retaken.*" During this ten-day period the buyer may redeem the goods by payment or tender of what is due on the contract. The provisions of the Minnesota statute are not identical with sec. 122.18, Wis. Stats. Sec. 8363–3, Mason's Minn. Stats., provides that if the seller does not give notice of intention to retake "he shall retain the property for ten days after the retaking." There is no requirement that the goods be held in the state or at the place where they are retaken, but merely that the seller hold the goods for ten days. There follow provisions concerning redemption substantially similar to those contained in sec. 122.18, Wis. Stats. It is clear that if the Minnesota statute governs, defendant was within its rights in taking the car to Minnesota, and that its sole obligation was to hold the car for the ten-day period. If the statutes of Wisconsin govern, defendant concededly did not comply with them and consideration must be given to the legal consequences of such failure.

Two doctrines applicable to this question appear to have considerable support. In *Jewett v. Keystone Driller Co.* 282 Mass. 469, 185 N. E. 369, a conditional sales contract was made in Massachusetts for the sale of a power shovel to be delivered to the buyer in New Hampshire. The buyer defaulted and the vendor retook the shovel in New Hampshire and shipped it to Connecticut for storage. The New Hampshire statute required a published and posted notice of resale which the seller did not give. The court held that since the contract was made in Massachusetts the law of that state governed and that since the law of Massachusetts made no requirement of a notice of resale, the seller breached no duty to the buyer. This rule appears to have been followed in *Gross v. Jordan,* 83 Me. 380, 22 Atl. 250, and in *Franklin Motor Car Co. v. Hamilton,* 113 Me. 63, 92 Atl. 1001. There was a dissenting opinion in the *Jewett Case, supra,* expressing the view that since the power shovel was delivered in New Hampshire, the law of its *situs* at the time of delivery determined the scope and nature of the property interest involved and not the *lex loci contractus.* This rule is approved in a note in 47 Harvard Law Review, 128. In Restatement, Conflict of Laws, p. 365, § 281, the following statement is made concerning the state of the law:

"The power to foreclose a mortgage, lien or pledge on a chattel and the right to redeem are determined by the law of the state in which the chattel was at the time of the mortgage, lien or pledge."

Comment *b* states, so far as material here,—

". . . Whether a vendor under a conditional sale has the right to repossess the chattel sold is determined by the law of the state where the chattel was at the time when the . . . conditional sale was made. So, too, whether a . . . vendee under a conditional sale has the right to redeem is determined by the law of the place where the chattel was at the time when the . . . sale was made."

We see no occasion to extend this opinion by considering the merits of these rules. The contract was made and the automobile delivered in Minnesota, and in any event the law of Minnesota governs.

Comment *c* of § 281, states,—

"If foreclosure or redemption requires resort to judicial machinery to foreclose the interests of another party or to redeem an interest in the chattel, the procedural requirements of the forum must be satisfied."

It is perfectly clear that this rule has no application here. None of the parties is invoking any such remedy in Wisconsin.

Some reliance is had by plaintiff on the case of *Thayer Mercantile Co., Inc., v. First National Bank of Milltown,* 98 N. J. Law, 29, 119 Atl. 94, which is cited with approval by this court in *Forgan v. Smedal,* 203 Wis. 564, 234 N. W. 896, and *Universal Credit Co. v. Finn,* 212 Wis. 601, 250 N. W. 391. These cases have no application here for several reasons. In the first place they principally involve the proper construction of sections of the Uniform Conditional Sales Act other than those involved here. We are not concerned here with the proper construction of sec. 122.18, Wis. Stats. The question is whether the Wisconsin law governs the rights and duties of the parties and we hold that it does not. In the second place, these cases all deal with a conflict between the reserved title of a conditional vendor and the rights of a stranger acquired in another state by attachment in reliance upon the buyer's possession. This presents a wholly different question. The conflict is between the contract rights of the seller created under the law of one state and the rights of an attaching creditor created by another state. The present controversy is between the vendor and vendee, and has to do with their rights under the contract. Whether because the contract was made in Minnesota or because that was the *situs* of the automobile when delivered under the conditional sales

contract, it is plain to us that the Minnesota law governs, and that plaintiff has no cause of action by reason of the removal of the car to Minnesota.

The next question is whether defendant is liable for certain personal effects which were in the car at the time it was repossessed and which later disappeared. The trial court was of the view that having taken possession of the automobile defendant had an absolute duty safely to keep them until plaintiff exercised his right of redemption. We think that this was error. The goods stored in the car were not taken against the consent of plaintiff, and defendant was not in any event more than a bailee of the goods. Defendant owed plaintiff merely a duty of due care, and there were not only no findings that defendant was negligent or a converter, but there was no attempt to prove such conduct on the part of defendant. For this reason we are of the view that plaintiff made out no cause of action for the loss of his personal effects.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint.