THE BUDGET PLAN, INC. & another *vs.* STERLING A. ORR,
INCORPORATED.

Hampden.  September 20, 1956. — November 2, 1956.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Sale,* Conditional sale.  *Conflict of Laws.*

The law of the State in which a contract of conditional sale of personal
property was made and the property delivered to the conditional
vendee determined the effectiveness of the conditional vendor's reten-
tion of security title as against a subsequent bona fide purchaser for
value of the property.  [600–601]

The fact that a contract of conditional sale of an automobile made in
Connecticut, where the automobile was delivered to the conditional
vendee, who resided in Massachusetts, was not "acknowledged before
some competent authority" as provided by § 6692 of c. 310 of the
General Statutes of Connecticut required the conclusion that under
§ 6694 the sale was "not made in conformity with" § 6692 and, as
between the conditional vendor and a subsequent bona fide purchaser
for value of the automobile, was an absolute sale whereby the condi-
tional vendor had no security title.  [601–602]

REPLEVIN.  Writ in the District Court of Springfield
dated October 1, 1953.

The action was heard by *Ehrlich,* J.

*John T. Quirk, Jr.,* for the plaintiffs.

*Frederick S. Pillsbury,* for the defendant.

SPALDING, J.  The plaintiffs bring this action of replevin
to recover an automobile in the possession of the defendant.
The judge found for the defendant and a report to the Ap-
pellate Division was dismissed.  The plaintiffs appealed.

The pertinent evidence was as follows.  About June 7,
1952, the plaintiff O'Meara Motors Inc. was the owner of
the automobile here involved.  On that day, at its place of
business in Hartford, Connecticut, it sold and delivered this
automobile to one Harry J. Smith of Chicopee, Massachu-
setts.  The automobile was sold under a contract of con-

ditional sale which was executed and delivered in Hartford at the time the automobile was delivered. The contract contained the usual provision that title to the automobile was to remain in the vendor or his assignee until the contract was fully performed. On the same day O'Meara Motors Inc. assigned the contract to The Budget Plan, Inc., also a plaintiff. On March 20, 1953, Smith defaulted on the contract and at that time there was an unpaid balance of $1,796.54.

In October or November, 1952, Smith sold the automobile to one Kushnet, a used car dealer in Springfield. There was a subsequent sale which need not concern us. Finally the automobile was sold to the defendant which was "an innocent purchaser without notice of any arrangement between the original vendee and either of the plaintiffs." Thereafter the plaintiffs instituted this action and the automobile was replevied from the defendant.

The principal issue in the court below was whether under the terms of the conditional sale O'Meara Motors Inc. retained security title to the automobile, for unless it did it is conceded that neither plaintiff could prevail in this action. The judge ruled that the transaction was governed by the law of Connecticut and that the law of that State was not complied with because, as he found, the contract was not "acknowledged before some competent authority." Hence, he ruled, the plaintiffs lost their security title and were not entitled to prevail as against the defendant, an innocent purchaser for value. Numerous requests for rulings were presented by the plaintiffs, some of which were granted and some denied. It is unnecessary to discuss them in detail, because the basic question raised by those that were denied, as both sides agree, is whether O'Meara Motors Inc. lost its security title because the contract of sale was not acknowledged.

There was no error.

Since the contract of conditional sale was made in Connecticut and the automobile was delivered in that State, the question whether the sale was effective to enable the

vendor to retain title is to be determined by the law of that State. *Thomas G. Jewett, Jr. Inc.* v. *Keystone Driller Co.* 282 Mass. 469, 475, and cases cited. Restatement: Conflict of Laws, § 272. Goodrich, Conflict of Laws, § 157.[1] Section 6692 of c. 310 of the General Statutes of Connecticut provides, with exceptions not here material, that ". . . all contracts for the sale of personal property, conditioned that the title thereto shall remain in the vendor after delivery, shall be in writing, describing the property and all conditions of such sale, and *shall be acknowledged before some competent authority* and filed within a reasonable time in the town clerk's office in the town where the vendee resides" (emphasis supplied). Section 6694 further provides that all conditional sales ". . . not made in conformity with the provisions of section 6692 . . . shall be held to be absolute sales except as between the vendor and the vendee and their personal representatives . . . ." Decisions construing these statutes make it plain that a conditional sale contract must be acknowledged by the party or parties executing it and that the absence of a required acknowledgment renders a conditional sale an absolute sale as to creditors and bona fide purchasers. *American Clay Machinery Co.* v. *New England Brick Co.* 87 Conn. 369. *Liquid Carbonic Co.* v. *Black,* 102 Conn. 390. *Commercial Credit Corp.* v. *Carlson,* 114 Conn. 514. *C. I. T. Corp.* v. *Hungerford,* 123 Conn. 438. The plaintiffs argue that the requirement of acknowledgment is applicable only to an instrument that must be recorded, and that there was no duty to record the contract here involved, because Smith, the conditional vendee, re-

---

[1] In the *Jewett* case, *supra*, the contract of conditional sale was made in Massachusetts, and the property delivered in New Hampshire. It was held by a divided court that the rights of the parties in the property were governed by the law of Massachusetts. This, it seems, is contrary to the prevailing view. See Restatement: Conflict of Laws, § 272; Goodrich, Conflict of Laws, § 157; and cases cited in the dissenting opinion of Lummus, J., in the *Jewett* case at page 479. Whether if the automobile in the case at bar had been in Massachusetts when the sale was made, we would hold that the parties' rights would, nevertheless, be governed by the law of Connecticut, in accordance with the rule in the *Jewett* case, need not be decided. Inasmuch as both the contract of sale and the delivery of the automobile took place in Connecticut, either under the *Jewett* rule or under the prevailing view, the rights of the parties would be governed by the law of Connecticut.

Marblehead v. Gilbert.

sided in Massachusetts. Inasmuch as the statute states that the contract must be recorded in the town "where the vendee resides" that requirement, it is argued, applies only when the vendee resides in Connecticut. Whether, because of Smith's residence in Massachusetts, the recording requirement was dispensed with need not be decided. For present purposes it is enough to say that as we read the Connecticut decisions the failure to satisfy the acknowledgment requirement, without more, was fatal; and that as between the plaintiffs and the defendant, a bona fide purchaser, the plaintiffs lost their security title and are not entitled to prevail in this action.

*Order dismissing report affirmed.*