COOK AND SONS EQUIPMENT, INC.,
Appellant,

v.

Morris KILLEN, Appellee.

No. 16273.

United States Court of Appeals
Ninth Circuit.

April 21, 1960.

Edgar Paul Boyko, Richards, Watson, Birnbaum & Smith, Los Angeles, Cal., for appellant.

Bell, Sanders & Tallman, Bailey E. Bell, William H. Sanders, James K. Tallman, Anchorage, Alaska, for appellee.

Before ORR, POPE and HAMLIN, Circuit Judges.

ORR, Circuit Judge.

In the District Court of Alaska, an action was instituted wherein one Morris Killen was named as plaintiff and "Charles Cook and Charles Cook, Jr., d/b/a Cook & Sons Equipment Company, in the State of California" were named as defendants. It is apparent from the designation of the parties in the complaint that the pleader was under the impression that the defendants were operating a partnership. However it was later made manifest that Cook & Sons Equipment Company is a corporation.

The corporation appeared and answered, trial was had and judgment entered against the defendants as named in the complaint, with the exception that "Inc." was added after the word "Company". The corporation having answered, and in the proceedings in the district court recognized as such, we will treat it as having been properly before the district court as a party.

▉▉▉ After the entry of judgment in favor of plaintiff, an appeal was taken in which the corporation alone was named as appellant. No mention of the individual defendants was made. After the lodging of the appeal, a motion was made by the individual defendants to have their names added to the notice of appeal on the ground that the omission was a clerical error. The omission here was much more than a clerical error. It was a failure of the individual defendants to appeal. We have no authority to amend a notice of appeal so as to bring in additional parties. Appellant relies on Rule 75(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. That rule has no application in the instant situation. It applies to errors in the contents of a record. Rule 73(b) requires that the notice of appeal specify the parties taking the appeal. Only the parties named in the notice of appeal are brought within the appellate court's jurisdiction. VII Moore, Federal Practice (2d ed. 1955) §§ 73.13, 73.14. The harmless error doctrine has no application to failure to name parties in a notice of appeal. Penwell v. Newland, 9 Cir., 1950, 180 F. 2d 551. The motion to amend the notice of appeal so as to include additional parties is denied.

The sole appellant is the corporation. The salient facts of this case are:

Cook & Sons Equipment, Inc. is a California corporation engaged in the business of selling dump trucks and other construction equipment. Charles Cook, Jr. is a stockholder and president of the corporation and Charles Cook III a stockholder and representative. On May 7, 1952, Mahlon J. Connett of Fairbanks, Alaska visited appellant's principal office in Van Nuys, California and there negotiated a conditional sales contract covering the purchase of a 1952 International dump truck. Mr. Connett, having made the required down payment, personally received delivery of the truck in California and drove it to Fairbanks, Alaska with appellant's consent. On June 2, 1952, Connett sold the truck to appellee Morris Killen, notwithstanding that the conditional sales contract expressly prohibited such a transfer. Connett informed Killen of the existence of the conditional sales contract between appellant and himself, and he, Connett, promised to pay the balance due appellant under said contract within 90 days. Killen took possession of the truck and drove it to his home in Anchorage, Alaska, and there stored it for the winter in his backyard. He had other equipment stored there also.

Connett failed to pay the balance due and owing under the conditional sales contract. Pursuant to said default and for the purpose of repossessing the truck, Charles Cook, Jr. went to Alaska. Without giving appellee Killen prior notice of his intention to repossess, he pro-

ceeded to appellee's yard, where said truck was stored, on September 27, 1952. No one being present at said yard at that time, with the assistance of a garageman and tow truck he removed the dump truck from the yard and immediately drove it to California.

On October 20, 1953, appellee Killen commenced an action in the district court charging an unlawful conversion of his truck. The case was tried to the court without a jury, judgment being rendered in appellee's favor. The court held that Alaska law applied and, therefore, appellant had a duty under the Alaska Conditional Sales Act (Alaska adopted the Uniform Conditional Sales Act, A.C.L.A. 1949, § 29–2–1 et seq.) to keep the truck in Alaska for 10 days following repossession in order to afford the buyer an opportunity to redeem it within that time.[1] This appellant had failed to do. Appellee was awarded his equity in the truck as "actual damages" pursuant to the remedy set forth in the Alaska act.[2]

As we have said, the trial court determined that Alaska law rather than California law applied. The question is not without its complexities and on its proper resolution depends the determination of this appeal. The negotiations for the sale of the truck took place at appellant's place of business in California. The conditional sales contract was signed by the parties at said place and possession of the truck was delivered to the buyer in California. With the consent of the seller, the buyer drove the truck to his home in Alaska where it was to be used. The contract had been drawn in conformity with the requirements of § 2982 of the California Civil Code. Said contract provided that payment was to be made at the seller's office or the office of any assignee of the seller. It also contained the following language:

> "*Time is of the essence of this contract* and in the event Purchaser defaults on any payment due under this contract * * * Seller * * * may take immediate possession of said property *without demand* * * * and for this purpose Seller may enter upon the premises where said property may be and remove same. *Such possession shall terminate Purchaser's rights hereunder and Seller may retain said property and all payments made prior thereto by Purchaser* * * *"

[Emphasis ours.]

At the time this transaction occurred, California had not adopted the Uniform Conditional Sales Act or other similar legislation. Under California law, the precise language which we have italicized above has been held to allow the seller on the buyer's default to repossess without prior demand or notice and to refuse to allow the buyer to redeem even though a tender of full payment is made. Miller v. Steen, 1866, 30 Cal. 402; Zeff v. Harvey Smith Oldsmobile Co., 1957, 154 Cal. App.2d 1, 315 P.2d 371; Pacific Finance & Investment Co. v. Pierce, 1920, 48 Cal. App. 600, 191 P. 1115. See also 27 Cal. L.Rev. 583 (1939); 43 Cal.Jur.2d §§ 361–363. On the other hand, under the Uniform Conditional Sales Act as adopted in Alaska the buyer would have a right to redeem regardless of an express contract provision to the contrary. § 29–2–

1. A.C.L.A.1949, § 29–2–18. "Redemption by buyer * * * If the seller does not give the notice of intention to retake described in Section 17 [§ 29–2–17 herein], he shall retain the goods for ten days after the retaking within the state in which they were located when retaken, during which period the buyer, upon payment or tender of the amount due under the contract at the time of retaking and interest * * * may redeem the goods and become entitled to take possession of them and to continue in the perform-

ance of the contract as if no default had occurred * * *"

2. A.C.L.A.1949, § 29–2–25. "Recovery of damages by buyer after retaking goods. If the seller fails to comply with the provisions of Sections 18, 19, 20, 21 and 23 [§§ 29–2–18—29–2–21, 29–2–23 herein] after retaking the goods, the buyer may recover from the seller his actual damages, if any, and in no event less than one-fourth of the sum of all the payments which have been made under the contract, with interest."

18, A.C.L.A.1949. The trial court reasoned that Alaska law should govern, it being the proper law of contract since removal of the truck to Alaska had been contemplated and performance of the contract was to take place in Alaska.

■ Our search has failed to reveal an Alaska case dealing with the choice of law which must be made. The difficult problem is that of characterizing the interests involved herein as either proprietary or contractual. We must look to the proper law of contract in construing contractual rights but should choose the law of the situs of a chattel at the relevant moment of time to determine the proprietary interests a transaction creates in that chattel. A conditional sale has contractual and proprietary aspects. When the conditional sale is consummated, however, it conveys to the buyer the right to possession and to complete ownership upon full payment, and title is retained by the seller until such time. These are interests in property and, although created by contract, are properly characterized as proprietary. II Beale, Conflict of Laws (1935) §§ 255.1, 272.3; Goodrich, Conflict of Laws (3d ed. 1949) § 157. The Commissioners on Uniform State Laws have so characterized them. Restatement, Conflict of Laws (1934) §§ 272–282. The seller's right to repossess is an interest in property the proprietary character of which cannot be distinguished from the reservation of title itself, and the proprietary nature of the buyer's right to redeem differs in no respect from his right to complete ownership upon performance of the condition.

■ The law of the situs of the chattel at the time the conditional sale is completed, usually the place where the chattel is delivered to the buyer or his agent absent a contrary intent, is the proper choice of law to apply to determine whether the conditional sale was legally effective to keep title in the vendor after possession is transferred to the buyer. Maguire v. Gorbaty Bros., 2 Cir., 1943, 133 F.2d 675; II Beale, supra § 272.2; Goodrich, supra § 157; Restatement, Conflict of Laws (1934) § 272. The seller's right to repossess and the buyer's right to redeem being equally proprietary in nature should be governed by the same law. Restatement, Conflict of Laws (1934) § 281 and comment b. The conditional sale with which we are concerned herein was consummated in California by delivery of the truck to the buyer in that state. California law, therefore, is the proper law to look to in deciding what interests that transaction created in said truck. Under California law, the seller had an absolute right to repossess on default and his exercise of that right could not be defeated by a late tender of full payment, the buyer having no right to redeem.

■ Our conclusion is that removal of the truck to Alaska, with the seller's consent, does not justify the application of Alaska law which would vest in the buyer a property right he did not have under the law of California in which state he chose to make his purchase. Although a seller consenting to removal may be required to record the contract in the second state in order to preserve his rights as against third parties, United Construction Co. v. Milam, 6 Cir., 1942, 124 F.2d 670; but Cf. Goodrich, supra § 157, removal with or without the seller's consent will not give the buyer greater rights against the seller than he had in the first state. The appellee in the instant case is a third party, but he purchased the truck from the conditional buyer with actual notice of the conditional sales contract and, therefore, acquired no greater rights than his vendor possessed. The parties in their agreement may have contemplated removal to Alaska, but the agreement did not contemplate a right to redeem under Alaska law, that right having been expressly denied the buyer in the executed document of conditional sale which was couched in the precise language the California courts have held effective for that purpose.

■ Alaska does have a substantial interest in regulating the manner in which property within its borders may

be repossessed. Public policy, therefore, persuades us to apply § 29–2–16 of the Alaska Conditional Sales Act [3] which states the conditions under which property may be retaken without legal process. There is no contention that appellant violated that section of the Alaska act. The redemption provision of the Alaska act does not regulate the manner in which property is to be retaken, however, but creates a substantive property right in the buyer. III Jones, Chattel Mortgages and Conditional Sales (6th ed. 1933) § 1156. That provision does reflect a public policy in favor of protecting consumers in financial difficulty, but we don't believe that this policy, in its application to consumers who choose to travel 4,000 miles to California to make purchases, is strong enough to require us to refuse recognition to a property right the seller had under the laws of California.[4] We think the seller's absolute right to repossess the truck should be recognized in Alaska. Immediate removal of the truck from Alaska was, therefore, not unlawful. The case of Magoon v. Motors Acceptance Corp., 1941, 238 Wis. 1, 298 N.W. 191 is squarely in point. See also Osgood Co. v. Wilkinson, 1934, 239 App.Div. 676, 298 N.Y. S. 802, reversed on construction of foreign statute 1934, 265 N.Y. 70, 191 N.E. 779.

 The Supreme Judicial Court of Massachusetts in Thomas G. Jewett, Jr., Inc. v. Keystone Driller Co., 1933, 282 Mass. 469, 185 N.E. 369, 87 A.L.R. 1298, held that the law of the place of contract rather than delivery governed the buyer's right to redeem where the chattel's use in the state of delivery was for a short time only and that said state had no other contacts with the entire transaction. There is a dissenting opinion which criticizes the majority for improperly characterizing the interests involved as contractual rather than proprietary. The Massachusetts court has since criticized its former opinion in that case. Budget Plan v. Sterling A. Orr, Inc., 1956, 334 Mass. 599, 137 N.E.2d 918, 920 note 1. See also Goodrich, supra at p. 485; II Beale, supra § 272.3; 47 Harv.L.Rev. 128 (1933). The Jewett case has recently been considered by the United States Court of Appeals, First Circuit, in Shanahan v. George B. Landers Construction Co., 1 Cir., 1959, 266 F.2d 400, which had to apply Massachusetts conflict of law rules to a similar fact situation. The court held that although the Massachusetts court had disavowed its former characterization of the right to redeem as contractual, the case was still valid authority in Massachusetts for the rule that the law of the state of delivery will not govern the right to redeem when the parties resided and the contract was executed elsewhere and the state of delivery's only contact with the entire transaction is a fleeting one. (See note 2, at page 404 therein.) Compare 43 Yale L.J. 323, 328 (1933) (Although the state of property law is usually to be preferred, the proper law of contract should be chosen when the former state has no substantial contacts with the entire transaction). California having very substantial contacts with the instant transaction, the Massachusetts rule has no application.

Our conclusion that California law applies compels a reversal of the judgment against appellant corporation.

Judgment reversed.

3. A.C.L.A.1949 § 29–2–16. "Retaking possession by seller * * * Unless the goods can be retaken without breach of the peace, they shall be retaken by legal process; but nothing herein shall be construed to authorize a violation of the criminal law."

4. The requirement in the Alaska redemption provision (§ 29–2–18) that a vehicle be retained in Alaska for ten days is operative as regards sellers in Alaska who wish to resell elsewhere after repossession and out of state sellers who negotiated the sale in Alaska and/or consummated the sale by delivery to the buyer in that state.