*Southern District*

No. 59046

## CAROL A. MACKINNON

v.

## MICHAEL ARBARCHUCK

Argued: April 1, 1970 - Decided: Aug. 3, 1970

*Present:* Nash, C.J., Murphy, Covett, J.J.
Case tried to *Cox, J.,* in the District Court of Northern Norfolk, No. 59046.

*Murphy, J.* This is an action of tort for con-

version of a 1965 Ford Thunderbird automobile and the contents thereof whereby the plaintiff seeks to recover the value of the automobile, a penalty of 50% of the market value of the automobile repossessed in violation of General Laws, Tercentenary Edition, Chapter 255B, Section 20A, Subsection B and Subsection E, a $500 penalty under General Laws, Tercentenary Edition, Chapter 255B, Section 20A, Subsection C for illegal repossession of the automobile.

The answer is a general denial, a denial that the automobile was the property of the plaintiff and that the defendant converted the same to his own use, that the automobile was furnished the plaintiff by the defendant on condition that title or right to possession was to remain vested in the defendant until the automobile was paid for in full, that the plaintiff failed to pay for the automobile as agreed and that the defendant had the right to take the automobile as his property, that if defendant is in possession of the property and automobile, that defendant is lawfully in possession and does not hold the same unlawfully against the right of the plaintiff, that defendant was justified in his conduct and action and not liable to the plaintiff and the plaintiff's claim is barred by the statute of limitations.

The court found for the defendant.

The judge made detailed findings of fact hereafter set forth which amply cover the re-

ported evidence, and it would only be repetitious to repeat that evidence here.

At the close of the trial and before final arguments, the plaintiff made the following requests for rulings:

"1. A finding for the plaintiff is required on Count 1 of the declaration.

2. A finding for plaintiff is required on Count 2 of the declaration.

3. A finding for the plaintiff is required on Count 3 of the declaration.

4. Defendant's failure to give at least fourteen days' notice of repossession bars his right to recovery of any expenses of disposition of the motor vehicle, of repossession and holding the motor vehicle, and attorney's fees.

Chapter 255B, Section 20A, Subsections c1 and 2

5. Defendant's failure to furnish plaintiff with notice of repossession under Chapter 255B, Section 20A, Subsection B, is a violation imposing a penalty on defendant to pay the buyer an amount equal to fifty (50%) percent of the fair market value of the motor vehicle at the time of repossession.

Chapter 255B, Section 20A, Subsection E

6. Defendant's failure to comply with Chapter 255B, Section 20A, Subsection B imposes on defendant liability to plaintiff for conversion of the motor vehicle.

7. Defendant's failure to dispose of the motor vehicle under the terms of Chapter 255B, Section 20A imposes a liability on defendant in favor of plaintiff in the sum of $500.00.

Chapter 255 B, Section 20A, Subsection E

8. The conditional bill of sale offered in evidence is not a valid retail sale contract under Massachusetts or New Hampshire law.''

The court, at the request of the defendant, made the following rulings:

''1. Under Massachusetts law, the conditional seller's repossession of subject of conditional sales contract would be controlled by New Hampshire law, where conditional sales contract and accompanying note were executed by buyer in New Hampshire, and the buyer was a resident of New Hampshire, and the property was located in New Hampshire when repossessed. *Shanahan* v. *George B. Landers Construction Co.*, 266 F.(2d) 400. *Budget Plan* v. *Savoy*, 336 Mass. 322. *Budget Plan* v. *Sterling A. Orr, Incorporated*, 334 Mass. 599.

2. The evidence shows that the conditional sales contract and accompanying note were executed in New Hampshire, that conditional title to the automobile in question passed to the plaintiff, a resident of New Hampshire, while said automobile

was in her possession in New Hampshire, and that the repossession of said automobile took place in New Hampshire, where said automobile was located, and that, therefore, the laws of New Hampshire relative to conditional sales contracts and repossession thereunder governs and controls in this case.

3. On all the evidence, the Court must find that the law of New Hampshire relative to conditional sales contracts and repossession thereunder is the governing and controlling law in this case.

4. The plaintiff has failed to prove that she had a right of possession to said automobile superior to that of the defendant at the time the defendant took possession of said automobile.

5. The plaintiff has failed to prove that she had title to said automobile superior to that of the defendant at the time the defendant took possession of said automobile.

6. The defendant repossessed said automobile from the plaintiff under the terms of the conditional sales agreement entered into between the plaintiff and the defendant concerning said automobile and as a result of the plaintiff's default of said agreement, and that said agreement and repossession were lawful and proper under the laws of New Hampshire, which

laws control said agreement and repossession under the facts of this case.

7. As the defendant lawfully took possession of said automobile and the contents thereof under his conditional sales contract with the plaintiff, there would be no conversion of said contents until the plaintiff made demand upon the defendant for the return of same and said demand was refused by the defendant.

8. There is no evidence that the plaintiff ever made a demand upon the defendant for the return of the contents of said automobile.

9. There is no evidence that the defendant ever refused to return the contents of said automobile to the plaintiff.

12. The evidence warrants a finding in favor of the defendant.''

The court found the following facts:

''I find that on or about June 19, 1967, the defendant permitted the plaintiff to take his 1965 Thunderbird automobile for her use with the understanding that she would eventually buy it. No terms were agreed upon at that time although the plaintiff testified the price was to be $2,100. The plaintiff was then living in Norwood, Massachusetts.

''Thereafter the plaintiff paid the expenses incidental to the operation of the vehicle including registration in Massachusetts. On July 31, 1967 the plaintiff removed to Derry, New

Hampshire and without the defendant's permission took the automobile with her. On August 25, 1967 the plaintiff sent the defendant a check for $100. drawn upon a Derry, New Hampshire Bank. She sent a similar check for $100. on September 22, 1967 to the defendant.

"In September, 1967, the exact date unknown, the plaintiff wrote the defendant as follows:

'Mike — Will you please get a bill of sale for me on the car. Also agreement on the payments of $2,100.00 @ $100. month for 21 months. Thanks Carol'.

Thereupon, the defendant sent to the plaintiff at Derry a document dated October 14, 1967 captioned 'Conditional Bill of Sale' but in fact a conditional sale agreement. By its terms the defendant agreed to sell the vehicle to the plaintiff for $2,100. payable $100. monthly commencing October 20, 1967. It is provided therein that title to the vehicle should remain the property of the defendant and that title should pass to the plaintiff when the price was fully paid. The agreement was accompanied by a note dated October 20, 1967 for $1800. payable in monthly installments of $100. The plaintiff signed both agreement and note at Derry, had her signature witnessed, and returned them by mail to the defendant.

"She made two payments thereafter by checks drawn on the Derry Bank. On November 6, 1967 $100. for the October payment and

$100. on November 30, 1967 for the November payment. She has paid nothing since.

"In 1968 she registered the automobile in her name in New Hampshire.

"In the evening of February 5, 1968 the defendant, by an agent, repossessed the automobile at the plaintiff's residence in Derry. The plaintiff did not discover its absence until the next morning. At the time of the repossession on February 5, 1968, the plaintiff was in default for December, 1967 and January, 1968.

"It is an admitted fact *that* the defendant did not give the plaintiff the written notice required by G.L. c. 255B, § 20A-B and E. The defendant contends that he is not bound by the Massachusetts statute. He claims that repossession was rightly effected by New Hampshire law which he claims is controlling. The Revised Statutes of New Hampshire (Uniform Commercial Code-Secured Transactions) c. 382 -A: 9-503, so far as material gives the secured party, in the absence of a contrary agreement, the right to the possession of the collateral upon default by the buyer, without judicial process, if this can be done without breach of peace.

"The agreement for the sale of the automobile was effected in New Hampshire. The vehicle was there when the conditional sale agreement was delivered to the plaintiff who also resided in Derry at that time and at the time of its repossession on February 5, 1968. I hold that repossession was controlled by the law of

New Hampshire. G.L. c. 101, (sic) § 2-401, (2), (3). See also Restatement - Conflict of Laws, §§255, 257, 258, 272, 283. *Budget Plan, Inc.* v. *Savoy*, 336 Mass. 322.

"In the trunk compartment of the automobile at the time of its repossession on February 5, 1968 were the following items:

1. A portfolio containing drawings and commercial compositions by the plaintiff as a commercial art student. Some of them later done by her had been sold for small amounts.

2. A box of oil paints she values at $50.00.

3. Two dog dishes she values at $2.00.

4. A blanket she values at $3.00.

5. A pillow she values at $2.00.

6. A pair of shoes she values at $5.00.

7. A snow shovel she values at $5.00.

"The defendant at the present time has the automobile and such contents as were in it when repossessed. The portfolio (item 1) was exhibited in court. The plaintiff values it at $1500. at the time of repossession of the automobile on February 5, 1968. I find that it had and has no market value nor any sentimental value to the plaintiff. She admitted that it was undamaged and in the same condition it was in on February 5, 1968. I reach my conclusion, of its lack of value, pecuniary or sentimental, sustained by the plaintiff's unwillingness to accept it from the defendant at the trial. She made no demand for its return or for the re-

turn of the other items she claims were in the trunk, prior to this action. I do not find that the other items were in fact in the trunk. In any event, the defendant has always been, and still, is ready and willing to turn over to the plaintiff the portfolio and any other contents which were in the trunk on February 5, 1968. I find and hold that he holds them as bailee for the plaintiff.

"On all the evidence I find for the defendant."

The plaintiff claims to be aggrieved by the finding for the defendant, the denial of her requests for rulings and by the court's rulings numbered 1, 2, 3, 4, 5, 6, 7, 8, 9 and 12.

The judge was right. The sale was consummated in New Hampshire some time in October, 1967, the property was located in New Hampshire at that time, the plaintiff was living there at that time, the car was registered in New Hampshire at that time, and the conditional sales contract and note were executed by the buyer in the State of New Hampshire at that time. In fact, everything to finalize the transaction took place in New Hampshire. See *Budget Plan, Inc.* v. *Savoy,* 336 Mass. 322 at p. 324 where the court said, "Since the record indicates that all the contracts, sales, and assignments were made in Connecticut and that the automobile was there at all times pertinent to the issues raised, the law of Connecticut is applicable. See *Budget Plan, Inc.* v. *Sterling A.*

*Orr, Inc.,* 334 Mass. 599, 600-601, and authorities cited; Restatement: Conflicts of Laws, §§ 255, 257, 258, 272, 283.''

While its true the plaintiff took possession of the car in Massachusetts originally, this fact was but a step in the chain of events or circumstances leading to the final execution of the conditional sales agreement in New Hampsire as set forth above. *Shanahan* v. *George B. Landers Construction Co.,* 266 F.(2d) 400. *Budget Plan* v. *Savoy,* 336 Mass. 322. *Budget Plan* v. *Sterling A. Orr, Incorporated,* 334 Mass. 599.

The repossession was proper according to New Hampshire law, which as the report states (as far as material here) gives the secured party a right to possession of the collateral upon default by the buyer, without judicial process, if this can be done without breach of the peace. G.L. c. 106, § 2-401, (2), (3). See also Restatement - Conflict of Laws, §§ 255, 257, 258, 272, 283. *Budget Plan, Inc.* v. *Savoy,* cited supra.

The plaintiff's requests for rulings become inapplicable in view of the judge's findings of fact, and his finding that the agreement for the sale of the automobile was effected in New Hampshire. We agree with that finding and see no reason to discuss the plaintiff's requests for rulings further, since they are all predicated on the law of Massachusetts, which does not apply.

We disagree with the plaintiff's contention that the only warrantable inference is that the

defendant accepted the terms of the offer in Walpole. On the contrary, the opposite would seem to be true on these facts. The plaintiff had been in possession of the car for some months and had maintained it completely, had registered it in her own name in New Hampshire, had exercised complete dominion over it, and and made some payments on account. All of this was done with the actual and/or implied consent of the defendant, so for all practical purposes the terms of the offer had already been accepted, and all that remained to be done was for the plaintiff to sign the agreement and to pay the balance due.

The cases cited by the plaintiff in her brief as authority for the proposition, that the "Conditional Bill of Sale" did not ripen into a contract until the defendant accepted it, can be readily distinguished from the facts in the instant case; and we disagree with the theory set forth by the plaintiff in her brief, namely, that the defendant had no title to retain since title to the car was already in the plaintiff. The record and reported evidence reveals that the plaintiff was permitted to take the 1965 Thunderbird *for her use* with the understanding that she would *eventually buy it*.

As to the judge's finding with respect to articles of personal property alleged to be in the care at the time it was repossessed, no demand ever made for their return, and further the judge found certain of the items were not in

fact in the car; and further found that the defendant was always ready and willing to turn over the portfolio and any other contents which were in the trunk on February 5, 1968. He further and finally found that the defendant holds said items as bailee for the plaintiff. It would appear the judge had no alternative but to find as he did as to the contents, in view of his finding that the defendant was legally justified in repossessing the car. We concur in that finding.

There being no prejudicial error, an order should be entered dismissing the report.

SUMNER BAUMAN

for the plaintiff.

NORMAN KERMAN

of Methuen for the defendant.