848 F.2d 191
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary KNOP, John Ford, William Lovett, II, Ramando Valeroso,
Gus Jansson, Pat Sommerville, Vernard Cohen, T. Jon Spytma,
Robert Shipp, Butch Davis, Ron Mixon, and Kerwin Cook,
Individually and on Behalf of All Others Similary Situated,
Plaintiffs-Appellees,
v.
Perry M. JOHNSON, Robert Brown, Jr., Dale Foltz, John Jabe,
Theodore Koehler, John Prelesnek, and Jack
Bergman, Defendants-Appellants.
 No. 87-2016.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1988.
 
 Before NATHANIEL R. JONES, WELLFORD and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the plaintiffs' motion to dismiss and the defendants' response.
 
 
 2
 A review of the record indicates that on August 20, 1987, the district court filed an order imposing sanctions against the defendants and their counsel. A notice of appeal from that order was filed by the defendants.
 
 
 3
 Sanction orders are not final orders appealable under 28 U.S.C. Sec. 1291 but may be appealable if they fit within the various statutory and jurisdictional exceptions to the final judgment rule such as the "collateral order" exception of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). Robinson v. Tanner, 798 F.2d 1378 (11th Cir.1986) (per curiam) (exceptions noted therein), cert. denied, --- U.S. ----, 107 S.Ct. 1979 (1987). The appeal taken by the defendants does not fit within the "collateral order" exception or any other exception to the final judgment rule.
 
 
 4
 Counsel for defendants argue on appeal that the portion of the sanction order as it applies to them is immediately appealable and this court has jurisdiction to review their appeal. A review of the district court record reveals that the notice of appeal indicated that defendants were appealing but no mention was made of counsel's intent to appeal from the sanction order as it applies to them. Such a notice of appeal is insufficient to make counsel appellants to this appeal. See Life Time Doors, Inc. v. Walled Lake Door Co., 505 F.2d 1165 (6th Cir.1974); Van Hoose v. Edison, 450 F.2d 746 (6th Cir.1971); Cook & Sons Equip., Inc. v. Killen, 277 F.2d 607 (9th Cir.1960). Because counsel did not appeal the sanction order, this court does not get to the question of whether the sanction order as it applies to counsel was immediately appealable.
 
 
 5
 It is ORDERED that the motion to dismiss be granted and the appeal be and hereby is dismissed. Rule 8, Rules of the Sixth Circuit.